316 So.2d 598 (1975)
Ronald STEWART, Appellant,
v.
STATE FARM MUTUAL INSURANCE COMPANY, Appellee.
No. X-34.
District Court of Appeal of Florida, First District.
July 17, 1975.
Philip Barton of Barton & Cox, Gainesville, for appellant.
William C. O'Neal and John H. Haswell of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellee.
PER CURIAM.
Appellant, a police officer, while responding to a fellow officer's call for assistance, was involved in an accident resulting in the loss of his left leg. He submitted his claim to his insurer, appellee here, under the "dismemberment" provision of his insurance policy. The claim was rejected by appellee upon the ground that at the time of the accident appellant was operating an emergency vehicle within the meaning of an exclusionary clause contained *599 in the policy of insurance. That clause excludes coverage while the insured is engaged in the operation, loading or unloading of "a commercial automobile, ambulance, fire truck, police car or other emergency vehicle". Upon suit being filed, the trial judge granted appellee's motion for summary final judgment, thus this appeal.
Appellant's attorneys have favored us with an excellent brief carefully analyzing and dissecting the exclusionary clause, citing numerous cases, concluding that the police motorcycle being operated by appellant at the time of the accident resulting in his injuries was not, in the context there used, an "emergency vehicle". His oral argument was equally as well prepared and presented. However, the law is well settled that the language employed in a contract of insurance, and other contracts for that matter, should be read in the light of the skill and experience of ordinary people and resort should not be made to uncommon meanings nor contextual distortion. An unambiguous contract of insurance does not require construction and must be enforced as written. (Midwest Mutual Insurance Company v. Santiesteban, Fla. 1973, 287 So.2d 665).
We conclude that the exclusionary clause involved sub judice is not ambiguous and that a police motorcycle, particularly while being operated in response to an officer's call for assistance, is indeed an "emergency vehicle".
The summary final judgment entered by the learned and able trial judge in favor of the defendant in the trial court, appellee here, is
Affirmed.
Appellant's motion for attorney's fees incident to this appeal is denied.
BOYER, C.J., MILLS, J., and MELVIN, WOODROW M., Associate Judge, concur.