344 So.2d 880 (1977)
The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant,
v.
Juan PINON, Appellee.
No. 76-97.
District Court of Appeal of Florida, Third District.
March 22, 1977.
Rehearing Denied May 4, 1977.
*881 Shutts & Bowen and Don A. Lynn, Miami, for appellant.
West, Friesner, Goldman & Major, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Appellant-insurer, defendant below, appeals from a final judgment rendered in favor of appellee-insured, plaintiff below, which incorporated by reference a prior partial summary judgment entered in appellee's favor on the issue of liability, awarded damages and assessed attorneys' fees against appellant.
Appellee's wife and daughter were injured in an automobile accident in Dade County, Florida. As a result of said injuries, appellee sought and received personal injury protection benefits from his "no fault" insurance carrier, Allstate Insurance Company. Appellee also sought recovery of benefits allegedly due and owing under a lifetime major medical expense policy, issued by appellant.
Appellant denied policy coverage by reason of the fact that the insured's claim did not exceed the "deductible amount" set forth in the policy, in that the insured had received benefits under "other medical expense coverage" as defined in the policy equal to the amount of "covered charges" incurred by him as a result of the subject accident.
In response to said denial, appellee filed suit seeking benefits under the policy, attorneys' fees, interest and costs. After discovery, both parties moved for partial summary judgment on the liability question. By order dated August 12, 1975, the court denied appellant's motion for summary judgment while granting appellee's motion. The reasoning of the court appeared to be based upon an alleged ambiguity in the pertinent section of the insurance contract, which, in light of the applicable rules of construction, the trial judge construed in favor of appellee.
On December 17, 1975, subsequent to a hearing held to assess attorneys' fees and pursuant to an agreement of the parties with respect to the amount of damages, the court entered its final judgment in favor of the insured. This appeal follows.
The only question of import raised in this appeal is whether the following provision from appellant's insurance policy is ambiguous and therefore to be construed against appellant-insured and in favor of appellee-insured.

*882 "Other Medical Expense Coverage. As used in this policy, the term `Other Medical Expense Coverage' means coverage provided for hospital, surgical or other medical expenses by any other insurance or welfare plan or prepayment arrangement (including Blue Cross and Blue Shield plans), whether provided on an individual or family basis or in a group basis through an employer, union or membership in an association ..." [Emphasis added.]
Appellee argued at trial, and so contends here, that the above provision excludes no-fault insurance coverage from the definition of "other medical expense coverage" or at best, is so ambiguous as to require interpretation against the insurer. We disagree.
Generally speaking, it is true that where the terms of an insurance policy are ambiguous, they should be construed most strongly against an insurer so as to allow greater indemnity. Travelers Indemnity Company v. Kassner, 322 So.2d 80 (Fla.3d DCA 1975). However, the above rule demanding strictness in construing an insurance contract should not extend to adding meaning to language that is clear. Ringenberger v. General Accident Fire and Life Assurance Corporation, 214 So.2d 376 (Fla.4th DCA 1968), cert. denied Fla., 232 So.2d 381.
In construing the provisions of any insurance contract, a court is bound to give the language therein its plain and normally accepted meaning. Fontainebleau Hotel Corp. v. United Filigree Corporation, 298 So.2d 455 (Fla.3d DCA 1974); National Union Indemnity Company v. Hodges, 238 So.2d 673 (Fla.3d DCA 1970).
With the above in mind, after reading the above quoted provision and applying a practical, reasonable interpretation to said language, we are of the opinion that no ambiguity exists. Travelers Indemnity Company v. Milgen Development, Inc., 297 So.2d 845 (Fla.3d DCA 1974). Therefore, it was error for the trial judge to enter partial summary judgment in favor of the insured based upon the aforementioned rule pertaining to ambiguous provisions in insurance contracts.
After having considered the record, all points raised in the briefs and arguments of counsel, we conclude that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed must be reversed and remanded with directions to the trial judge to enter summary judgment in favor of appellant-insurer.
Reversed and remanded with directions.