382 So.2d 351 (1980)
Patience R. MORGAN, As Personal Representative of the Estate of Beaumont Morgan, Deceased, Appellant,
v.
CONTINENTAL CASUALTY COMPANY, etc., Appellee.
No. 78-2124.
District Court of Appeal of Florida, Third District.
March 11, 1980.
As Corrected On Denial of Rehearing April 18, 1980.
Anderson & Moss, Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Hart and William J. Flynn, Jeanne Heyward, Miami, for appellee.
Before SCHWARTZ and NESBITT, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
*352 PER CURIAM.
Plaintiff appeals from a final summary judgment entered in favor of the defendant. The trial court found that no insurance coverage was afforded to plaintiff's decedent under a policy provided to the decedent by his employer. We affirm.
Plaintiff's decedent was a licensed commercial pilot for Delta Air Lines. He and a friend were killed when an Aero Commander airplane owned by the decedent crashed in Jamaica. This friend, though not licensed as a pilot, was knowledgeable in the operation of light aircraft. The decedent was covered under a group insurance policy issued to his employer by the defendant. The policy provided coverage as follows:
AIR COVERAGE
Part H
The insurance provided by the Policy shall apply while the Insured Employee or a Dependent covered hereunder is riding as a passenger in any aircraft properly licensed to carry passengers and while an Insured Employee is operating or performing duties as a crew member of any aircraft owned, leased or operated by Delta, including ferry flights, except that no coverage shall apply while such aircraft is being used for training or testing, except if the Insured Employee is riding solely as a passenger observer.
The defendant's policy contained the following exclusions:
EXCLUSIONS
Part 1
This Policy does not cover any loss, fatal or non-fatal, caused by or resulting from:
.....
(5) riding in any aircraft, except to the extent permitted and specifically described in Part H, `Air Coverage'.
The issue as to whether coverage was provided for the decedent under this set of circumstances came before the trial court on cross-motions for summary judgment wherein the court denied plaintiff's motion and granted the defendant's motion from which this appeal is perfected.
Plaintiff contends that the term "riding as a passenger in an aircraft" is ambiguous and therefore the policy must be construed most favorably to the insured. Plaintiff further argues that there is no exclusion for pilots and therefore the policy is subject to a reasonable construction and interpretation that a "passenger" includes a "pilot" within the policy coverage.
Defendant urges, and we agree, that the coverage provisions are unambiguous and must be construed as written. Brown v. Gulf Life Insurance Company, 343 So.2d 91 (Fla. 3d DCA 1977); Stewart v. State Farm Mutual Insurance Company, 316 So.2d 598 (Fla. 1st DCA 1975). Moreover, in construing the provision of insurance contracts, courts are bound to give the language its plain, normally accepted meaning. Hertz Corporation v. Pugh, 354 So.2d 966 (Fla. 1st DCA 1978); Equitable Life Assurance Society of the United States v. Pinon, 344 So.2d 880 (Fla. 3d DCA 1977).
Adopting this approach, it is clear that "passenger" does not embrace the term "pilot" within policy coverage.
In the alternative, plaintiff contends there is a genuine issue of fact because it is the operational status at the moment of the crash that determines whether the decedent was a "pilot" or a "passenger." Defendant counters that it is the status throughout the journey that determines whether one is the "pilot" or a "passenger." It should be borne in mind that plaintiff's decedent was the only licensed pilot aboard the craft at the time of the fatal accident. Defendant's position is supported by the Federal Aviation Regulations which are applicable and controlling under the set of facts presented. Those Regulations establish that a pilot is not a passenger and does not lose his status as such because he remains responsible and in command of the aircraft even though he undertakes some momentary task other *353 than actual operation of the aircraft.[1]LeBreton v. Penn Mut. Life Ins. Co., 223 La. 984, 67 So.2d 565 (1953); cf. Curtis v. American Casualty Company of Reading, Pa., 60 Tenn. App. 204, 445 S.W.2d 661 (1968).
Plaintiff presented affidavits in support of her motion and in opposition to defendant's motion for summary judgment. The affidavits were based upon recitals by some of the decedent's friends of prior experiences in which decedent had allowed another to pilot the aircraft while decedent directed his attention to correcting some malfunction.
It is well established that affidavits, such as those presented by plaintiff, which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961). See Smith v. Prudential Insurance Company of America, 300 S.W.2d 435 (Mo. 1957).
Under the circumstances of this case, the trial court correctly held that the Federal Aviation Regulations determined the decedent's status at the time of the fatal accident.
Affirmed.
NOTES
[1] See generally 14 C.F.R. §§ 1.1 and 91.3 (Aeronautics and Space).