414 So.2d 581 (1982)
MORRISON ASSURANCE COMPANY, Appellant,
v.
The SCHOOL BOARD OF SUWANNEE COUNTY, Florida, Appellee.
No. AG-261.
District Court of Appeal of Florida, First District.
May 10, 1982.
Richard T. Jones of Jones & Langdon, P.A., Gainesville, for appellant.
William R. Slaughter, II of Slaughter & Slaughter, Live Oak, for appellee.
PER CURIAM.
A student filed a complaint for damages against the defendants below, Suwannee County School Board and its insurer, Morrison Assurance Company, for injuries sustained while running the 50-yard dash as part of a physical education class. The defendants filed cross-claims for a declaratory judgment on the issue of whether the insurance policy provided coverage for the acts or omissions alleged in the complaint.
After the hearing on motions for summary judgment on the cross-claims, the trial court granted summary judgment for appellee School Board and declared the insurance policy provided coverage for appellee, and appellant had a duty to defend. We reverse.
The applicable general liability insurance policy contains an "Athletic Participant Exclusion" clause, providing:
It is agreed that this insurance does not apply to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity or contest.
The law is well-settled that the language in an insurance contract should be read in the light of the skill and experience of ordinary people, and resort should not be made to uncommon meanings nor contextual distortion. Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Stewart v. State Farm Mutual Insurance Co., 316 So.2d 598 (Fla. 1st DCA 1975).
The exclusionary clause is plain and unambiguous on its face, leaving no room for construction. Application of the plain-meaning rule and common sense leads to the reasonable conclusion that running the 50-yard dash in a physical education class is an activity that falls within the exclusion.
*582 We are in agreement with the Third District which has had more than one opportunity to examine the identical exclusion and has found it unambiguous. See Morrison Assurance Co. v. City of Opa-Locka, 389 So.2d 1079 (Fla. 3d DCA 1980), and Town of Surfside v. Morrison Assurance Co., 394 So.2d 530 (Fla. 3d DCA 1981).
Nor does another policy provision, an exemption under the "Teacher's Liability Coverage Endorsement," create an ambiguity as appellee suggests. By its clear terms, the endorsement adds "all teachers" to the named insureds, but nowhere changes, modifies, or overrides the exclusion for instructing or participating in athletic activities.
REVERSED.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.