598 F.Supp. 1131 (1984)
GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff,
v.
The ACADEMY OF the VISITATION AT ST. LOUIS, et al., Defendants.
No. 82-1846C(D).
United States District Court E.D. Missouri.
November 16, 1984.
Sam P. Rynearson, St. Louis, Mo., for plaintiff.
James F. Koester, Joseph Mueller, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
Plaintiff, a corporation authorized to conduct the business of insurance in the State of Missouri, initiated this complaint for declaratory judgment on November 10, 1982. Plaintiff alleges that defendant Gina Kujawa was injured on May 12, 1982, while upon the premises of defendant Academy of the Visitation at St. Louis (hereafter Visitation), while practicing for or participating *1132 in a contest or exhibition of an athletic or sports nature sponsored by Visitation. Plaintiff further alleges that Kujawa's injury was excluded under the terms of a policy issued by plaintiff to Visitation, and therefore seeks a judgment of no obligation of coverage.
A nonjury trial was held on October 31, 1984.

Findings of Fact
1. Plaintiff, General Insurance Company of America (hereafter General Insurance), is a corporation in good standing, authorized to conduct the business of insurance in the State of Missouri. General Insurance is incorporated in the State of Washington and has there its principal place of business.
2. The individual defendants are citizens and residents of the State of Missouri, and Visitation is a Missouri corporation with its principal place of business in Missouri.
3. Gina Kujawa has filed suit for $350,000 against Visitation for injuries allegedly sustained while on Visitation's premises on May 12, 1982, and that action is currently pending in the Circuit Court of St. Louis County. In said action, the petition charges that "plaintiff was engaged in athletic activities at ... Visitation ... at which time she was caused to fall from a balance beam which ... caused her to sustain serious and permanent injuries ...."
4. Each year, Visitation stages an event known as "Play Day," on the second Wednesday in May. In 1982, the event was held on May 12, and Visitation's athletic director, Judy Stahl, was the moderator. "Play Day" is traditionally held on a school day and attendance is mandatory. Students wear their physical education uniforms, and they are required to participate in seven of twelve scheduled athletic and recreational events.
5. The Visitation Athletic Association, the Spirit Club, Physical Education Department, and parents of students work together in planning each "Play Day." The events scheduled in 1982 included a balloon toss, tricycle race, three-legged race, long jump, softball throw, low hurdles, and gymnastic events including performance on a balance beam. Some of the events were judged by students, and ribbons were awarded at the end of the day. Only Visitation students participate in the athletic and recreational events.
6. Three levels of competition existed as to the balance beam: A, B, and C. Students were scored on participation and quality of performance. On May 12, 1982, while performing a routine for which she was being scored, Gina Kujawa fell from the balance beam and sustained injury to her leg.
7. At that time, General Insurance had issued to Visitation an insurance policy which excluded coverage for "Athletic Participants Hazards." This type of hazard was defined as "bodily injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the named insured." Plaintiff's Ex. 2. Medical payments for injuries are further excluded for "any person practicing, instructing, or participating in any physical training, sport, athletic activity or contest ...." Plaintiff's Ex. 2.
8. General Insurance denies coverage under the terms of its policy.

Conclusions of Law
1. The Court has jurisdiction of this action under 28 U.S.C. § 1332, due to diversity of citizenship and an amount in controversy in excess of $10,000.
2. "Under Missouri law plain and unambiguous language must be given its plain meaning." Missouri Terrazzo Co. v. Iowa National Mutual Insurance Co., 566 F.Supp. 546, 552 (E.D.Mo.1983) (citation omitted), aff'd, 740 F.2d 647 (8th Cir.1984). While an insurance contract reasonably susceptible of an interpretation favorable to the insured will be construed in the insured's favor, an insurance contract which is clear and unambiguous must be *1133 construed as written. Bellamy v. Pacific Mutual Life Insurance Co., 651 S.W.2d 490, 495 (Mo.1983). The fact that the insured asserts a contrary position does not make the language ambiguous. See Crim v. National Life and Accident Insurance Co., 605 S.W.2d 73, 76 (Mo.1980).
3. The facts at hand are virtually on point with those in Morrison Assurance Co. v. School Board of Suwanee County, 414 So.2d 581 (Fla.Dist.Ct.App.1982). In Morrison, the applicable general liability insurance policy contained an exclusion clause providing that "this insurance does not apply to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity or contest." When a student sued the Board for injuries sustained while running the fifty-yard dash in a physical education class, the insurance company contested coverage. The court ruled in favor of the insurance company:
The exclusionary clause is plain and unambiguous on its face, leaving no room for construction. Application of the plain-meaning rule and common sense leads to the reasonable conclusion that running the 50-yard dash in a physical education class is an activity that falls within the exclusion.
Id. at 581. See also Madison County Sheriff's Posse, Inc. v. Horseman's United Association, Inc., 434 So.2d 1387 (Ala. 1983) (where injured party had participated in one rodeo event and was responding to gate call when injury occurred, injury was within exclusion for anyone practicing or participating in a contest or exhibition of an athletic or sports nature).
4. The injury sustained by Gina Kujawa was clearly of a type excluded from coverage under the terms of the policy. Regardless of whether "Play Day" is characterized as a recreational event, an athletic event, or a combination thereof, Kujawa was involved in athletic competition at the time of her injury and the event was sponsored by Visitation. She was being scored on her efforts, and the fact that the competition was limited to Visitation students does not change the plain meaning of the contract. The policy at issue does not provide coverage for Kujawa's injuries.
5. "The duty of an insurer to defend an action depends upon whether the allegations of petitioner state a claim within the policy coverage." Estrin Construction Co. v. Aetna Casualty and Surety Co., 612 S.W.2d 413, 416 (Mo.App.1981), citing Zipkin v. Freeman, 436 S.W.2d 753, 754 (Mo.1969) (en banc). Kujawa's petition, which claims injury sustained while engaging in "athletic activities," plainly does not state a claim within the policy coverage. Thus, Visitation is not entitled to have General Insurance defend the claim under the terms of the policy.