Fecteau, J.
This is a personal injury action filed by the plaintiff, Philip Boisclair, against the Boys and Girls Club of Webster-Dudley, Inc (“Club”). The Club then brought a third-party complaint for declaratory judgment against the Warner Insurance Company (“Warner”)[2] to establish that the policy issued by Warner provides coverage for the plaintiffs claim. The matter is presently before the court on the third-party plaintiffs and third-party defendant, Warner’s, cross-motions for summary judgment. For the following reasons, Warner’s motion is DENIED and the Club’s motion is ALLOWED.
BACKGROUND
Ball tag is a game which was played regularly at the Club. It involved the use of a small, red playground ball and any number of people could participate. The object of the game is to “tag” another person with the ball, either by throwing the ball at an opponent or reaching out and touching them with the ball. The person holding the ball can take no more than three steps before trying to tag another player. The game is over when there is only one player remaining. The game is occasionally halted before only one player remains in the interest of involving more people in the activity.
On February 24, 1992, a game of ball tagwas played under the supervision of a program supervisor, Daniel Wisniewski, a defendant in this action. The supervisor initiated the game by asking kids in the gym if they wanted to play, getting the ball, and tossing it in for the initial time. About thirty minutes into the game, the plaintiff fell or was tripped and injured his arm.
Warner issued a commercial property general liability insurance policy to the Club which was effective from May 31, 1991 to May 31, 1992. Warner has refused coverage based upon a clause in the insurance policy entitled “Exclusion — Athletic or Sports Participants.”
With respect to any of the operations shown in the Schedule, this insurance does not apply to “bodily injury” to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor.
Warner argues that the plain meaning of this clause compels a finding that the claim asserted by the plaintiff is not covered under the Club’s insurance policy and, therefore, Warner has no obligation to either defend or indemnify the Club in this action. The *247 Club disputes this assertion, claiming that ball tag is not a sport or athletic contest and that the Club did not “sponsor” the game in the accepted sense of that word. In the alternative, the Club argues that the language of the exclusion is ambiguous and that, as such, any ambiguities must be construed against the insurer in favor of allowing coverage of the claim.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law._Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the situation is such that “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
When a party relies on a separate exclusion contained in the policy, that party bears the burden of demonstrating that the exclusion applies. Ratner v. Canadian Univ. Ins. Co., 359 Mass. 375, 381 (1971); Great Southwest Ins. Co. v. Hercules Bldg. & Wrecking Co., Inc., 35 Mass.App.Ct. 298, 302 rev. denied 416 Mass. 1106 (1993). “Moreover, exclusions are to be read literally, without poetic license — they are ‘to be strictly construed.’ ” Great Southwest, 35 Mass.App.Ct. at 302, citing Quincy Mut. Fire Ins. Co. v. Abernathy, 17 Mass.App.Ct. 907-08 (1983) rev’d on other grounds 393 Mass. 81 (1984). However, the defendant, as the moving party in this case, has the burden of showing that there is no triable issue of fact. That burden has not been met here. The exclusionary clause at issue here may not appear ambiguous on its face. Nevertheless, when juxtaposed with the facts specific to this case, it is apparent that the language of the clause permits more than one plausible interpretation. In such instances, the policy is to be construed against the insurer and in favor of the insured. Morin v. Massachusetts Blue Cross, Inc., 365 Mass. 379 (1974).
This appears to be a case of first impression in Massachusetts as there are no reported decisions discussing insurance exclusions for athletic participants. As such, the court will generally turn to decisions of other jurisdictions for guidance. See 35 ALR5th 731 for a discussion of cases involving athletic participant exclusion clauses.
Courts have decided what actions constitute “practicing for or participating in” an athletic or sporting event. See Morrison Assurance Co. v. Opa-Locka, 389 So.2d 1079 (Fla.App.Div.3 1980) (softball player in unauthorized and unsupervised softball practice was practicing softball within terms of exclusionary clause); Zoller v. State Bd. of Educ., 278 So.2d 868 (La.App. 1973) (football player lifting weights off-season was not practicing within terms of exclusionary clause); Glens Falls Group Ins. Co. v. Simpson, 439 S.W.2d 292 (Ark. 1969) (golfer standing under tree in storm not practicing or participating in sport or athletic activity).
Other decisions have addressed the issue of what comprises a “sports or athletic contest or exhibition." See General Ins. Co. v. Academy of Visitation, 598 F.Supp. 1131 (E.D. Mo. 1984) (balance beam competition at school “play day” was an athletic competition under exclusion provision); Morrison Assurance Co. v. School Bd., 414 So.2d 581 (Fla.App.Div. 1 1982) (running of fifty-yard dash in physical education class was activity within terms of exclusion clause); Ruppa v. American States Ins. Co., 284 N.W.2d 318 (Wis. 1979) (“cutting contest” in horse show was sporting event under terms of exclusion clause).
The issue in this case is whether or not ball tag is a “sports or athletic contest” within the terms of the insurance policy. The Webster’s Third New International Dictionary, 1981, defines the word “contest” as an “earnest struggle for superiority or victory.” Moreover, an athletic contest is commonly understood to be an event involving opposing participants, structured rules and boundaries, and officiating in the form of scoring, rule enforcement, or judging. See cases cited, supra. The aforementioned characteristics are not prevalent in the game of ball tag. The game of ball tag played at the Club is a recreational activity used to occupy the time of the Club members. While the game does have rules and the object is to “win,” it lacks the structured competitive nature which generally characterizes a “sports or athletic contest.” In addition, the game of ball tag cannot be characterized as an exhibition, as it was not a “show presented to the public.” See Webster’s Third New International Dictionaiy, 1981.
Cases which have construed the terms “sports or athletic contest or exhibition” are instructive on the issue presently before the court. Activities which were determined to be sports or athletic contests are distinguishable from the game of ball tag based on the structured nature of the events: the balance beam competition was judged and scored; the horse show competition was timed and had rules enforced by judges. The case which is most similar to the case presently before the court is Morrison Assurance Co. v. School Board which involved the fifty-yard dash competition In physical education class. The exclusion clause in that case, however, stated “this insurance does not apply to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity, or contest.” This *248 language is much broader than the clause this court is concerned with and it is a reasonable conclusion that the fifty-yard dash fell within the terms of the exclusion.
Ball tag is a game played for its recreational and entertainment value. It is not a sports or athletic contest or exhibition within the generally understood meaning of the term.[3] To the extent that the exclusion clause is ambiguous as to whether ball tag is included in the concept of a “sport or athletic contest,” that ambiguity must be construed against the insurer and in favor of the insured. Morin, 365 Mass. 379. Therefore, the plaintiffs claim is not excluded from coverage by the exclusion clause in the insurance policy and Warner is obligated to defend its insured in this suit.
ORDER
For the foregoing reasons, I ORDER that the motion for summary judgment brought by the third-party defendant, Warner Insurance Co., be DENIED, and the cross-motion for summary judgment brought by the Boys & Girls Club of Webster-Dudley, Inc. be ALLOWED.

Michael Kruzewski, a minor by his father, James Kruzewski, James Kruzewski, individually, Third-Party Defendants.

Given that the Club’s program supervisor initiated the game, provided the ball, and set aside the gym space, the Club’s argument that it did not “sponsor” the game of ball tag within the meaning of the exclusion clause is meritless.