# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1193
Lower Tribunal Nos. 11-7998 SP; 20-144 AP
_____

## State Farm Mutual Automobile Insurance Company,

Appellant,

vs.

## M & E Diagnostic Services, Inc., a/a/o Omar Pinelo,

Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire (Fort Lauderdale); Kirwan Spellacy Danner Watkins & Brownstein, P.A., and Scott E. Danner (Fort Lauderdale), for appellant.

A Able Advocates – Stuart L. Koenigsberg, P.A., and Stuart L. Koenigsberg, for appellee.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

State Farm Mutual Automobile Insurance Company appeals the trial court's entry of final judgment in favor of M & E Diagnostic Services after granting summary judgment as to the reasonableness of charges and striking State Farm's expert witness. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Based on our review of the record, we find the expert witness's affidavit created a genuine issue of material fact as to the reasonableness of the charges and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

M & E Diagnostic Services, as assignee of Omar Pinelo, sued State Farm alleging the insurer underpaid for services offered to Pinelo following an automobile accident. The parties stipulated that M & E's treatment to Pinelo was medically necessary and related to the accident. M & E moved for summary judgment regarding the reasonableness of charges. In opposition to summary judgment, State Farm filed the affidavit of Dr. Edward A. Dauer, a medical doctor and owner of a diagnostic imaging center, who opined that the provider's charges were not reasonable. M & E moved to strike the doctor's affidavit arguing Dr. Dauer's opinion was pure opinion testimony based primarily on speculation and conjecture and failed to meet

the Daubert[1] test for admissibility under section 90.702 Florida Statutes (2020).

The trial court heard the motions, struck Dr. Dauer's testimony and entered summary judgment finding that M & E established the reasonableness of charges as a matter of law and the conflicting affidavit was legally insufficient to create a genuine issue of material fact. The court concluded that Dr. Dauer's affidavit did not satisfy the Daubert requirements under section 90.702 as it was largely based on personal opinion and lacked any scientifically verifiable methodology.

## LEGAL ANALYSIS

We review an order granting summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Similarly, a lower court's ruling on the legal sufficiency of an affidavit is also reviewed de novo." United Auto. Ins. Co. v. Progressive Rehab. & Orthopedic Servs., LLC, No. 3D21-0108, 2021 WL 3072936, at *2 (Fla. 3d DCA July 21, 2021).

"Florida Rule of Civil Procedure 1.510(e) (effective to April 30, 2021) provides that affidavits supporting or opposing summary judgment 'must be made on personal knowledge, must set forth such facts as would be

---

[1] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein.'" Id. "[T]he Daubert standard does not prohibit . . . expert opinion testimony based on experience." United Auto. Ins. Co. v. Cent. Therapy Ctr., Inc., No. 3D21-58, 2021 WL 3177319, at *3 (Fla. 3d DCA July 28, 2021) (quoting Progressive Rehab., 2021 WL 3072936, at *3). "[T]he plain text of section 90.702, Florida Statutes, provides that experts may be qualified by 'knowledge, skill, experience, training, or education.'" Id. (quoting § 90.702, Fla. Stat.). "Under Daubert, the expert affidavit must satisfy the reliability inquiry." Id.; see Progressive Rehab., 2021 WL 3072936, at *4. "[A]ffidavits . . . which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment." Progressive Rehab., 2021 WL 3072936, at *2 (quoting Morgan v. Cont'l Cas. Co., 382 So. 2d 351, 353 (Fla. 3d DCA 1980)).

Dr. Dauer attested that he has personal knowledge and expertise regarding the range and rate of charges for medical care in the relevant community, including the range and rate of charges for radiological services provided in the area to patients by credentialed and experienced diagnostic centers and hospitals. Dr. Dauer considered the reimbursement levels and

4

charges in the community, his own charges in the community, various federal and state medical fee schedules applicable to motor vehicles and other insurance coverages including worker's compensation, Medicare, HMO/PPO, and other third-party insurance carriers, and the payments and reimbursements that M & E accepts from all sources. Dr. Dauer attested to conducting numerous peer reviews and obtaining extensive personal knowledge and professional expertise regarding medical care and medical charges and medical reimbursements in the Miami-Dade and Broward communities. Dr. Dauer opined, after reviewing the medical records for care provided to the insured, Omar Pinelo, by M & E in connection with the accident, that the contested charges were not reasonable.

We find that Dr. Dauer's opinion satisfies section 90.702 and is not pure opinion testimony based on speculation or conjecture. "[P]ure opinion testimony is based solely on the expert's experience, without relation to the actual condition of the person in the relevant case." Cent. Therapy Ctr., 2021 WL 3177319, at *3. Here, the affidavit was based on the doctor's personal knowledge, expertise in the relevant community and evaluation of the medical records pertaining to the injured insured, Omar Pinelo. Dr. Dauer relied on sufficient facts in developing the conclusion regarding the reasonableness of charges in this instance. "His affidavit was not pure

opinion and was sufficient to create a genuine issue of material fact preventing summary judgment." See Cent. Therapy Ctr., 2021 WL 3177319, at *3.

Because, based on our review of the record, there are genuine issues of material fact, we are compelled to reverse the final judgment and the order granting summary judgment in favor of M & E.  See State Farm Mut. Auto. Ins. Co. v. Cent. Therapy Ctr. Inc., 46 Fla. L. Weekly D1477 (Fla. 3d DCA June 23, 2021).

Reversed and remanded.