# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1674
Lower Tribunal No. 18-30724

_____

**Neida Passariello, et al.,**
Appellants,

vs.

**The Bank of New York Mellon, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellants.

Van Ness Law Firm, PLC, and Morgan L. Weinstein (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Neida and Jose Passariello ("borrowers"), the defendants below, appeal a final summary judgment of foreclosure in favor of the plaintiff below, Bank of New York Mellon ("bank"). The sole issue presented on appeal is whether Neida Passariello's affidavit in opposition to the bank's motion for summary judgment created a genuine issue of material fact as to the authenticity of the blank endorsement signature appearing on the face of the borrowers' promissory note. See Fla. R. Civ. P. 1.510(c)(4). Concluding that it did not, we affirm the final judgment.

In September 2018, after the borrowers had stopped making payments on a promissory note secured by a mortgage encumbering the borrowers' home, the bank brought suit against the borrowers seeking to foreclose on the bank's mortgage. Attached to the complaint were copies of the promissory note that was endorsed in blank, the mortgage, and an assignment of the mortgage from the original lender to the bank.

When the bank moved for summary judgment, the only document filed by the borrowers in opposition thereto was Neida Passariello's affidavit, which states, in relevant part:

> Plaintiff does not have standing to bring a mortgage foreclosure lawsuit against me. The person who signed the endorsement on the subject Note, Michelle Sjolander, is a nationally known robo-signer, who repeatedly and consistently had others place her stamp "endorsing" a note on many loan documents for many, many loans without her ever seeing the documents and with no

2

review of their contents. One such case was right here in the 11th circuit, <u>Bank of America v. Jesus Fernandez</u>, 2009-21198 CA 09. As such, there never was any valid blank endorsement affixed to the subject note.

After holding a hearing on the bank's motion for summary judgment, the trial court entered final summary judgment of foreclosure in favor the bank. The borrowers timely appealed the final judgment.

Affidavits opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fla. R. Civ. P. 1.510(c)(4). Here, Mrs. Passariello's conclusory affidavit did not satisfy rule 1.510(c)(4)'s requirements. <u>See</u> <u>Landers v. Milton</u>, 370 So. 2d 368, 370 (Fla. 1979) (determining that an opposing affidavit's conclusory averments, based on supposition and information not derived from personal knowledge, "were clearly inadequate to create an issue of fact"); <u>K.E.L. Title Ins. Agency, Inc. v. CIT Tech. Fin. Servs., Inc.</u>, 58 So. 3d 369, 370 (Fla. 5th DCA 2011) ("Appellant's affidavit was merely conclusory in nature and insufficient to raise a genuine issue of material fact."); <u>Morgan v. Cont'l Cas. Co.</u>, 382 So.2d 351, 353 (Fla. 3d DCA 1980) ("It is well established that affidavits . . . which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment.").

3

Moreover, even if Mrs. Passariello's statement that the individual who "signed" the subject blank endorsement is a "nationally known robo-signer" who has allowed others to place a "stamp" of her signature on loan documents in other instances was true, this averment, without more, failed to create a genuine issue of material fact as to the validity of the signature on the endorsement contained within the borrowers' promissory note. See Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019) (recognizing that affidavits opposing summary judgment must identify admissible evidence and not be based on mere supposition or belief).

Accordingly, on our *de novo* review,[1] we find that the conclusory averments in the opposing affidavit, without more, failed to create a genuine issue of material fact as to the bank's standing in this case and affirm the final summary judgment of foreclosure. See Jelic v. LaSalle Bank, Nat'l Ass'n, 160 So. 3d 127, 129 (Fla. 4th DCA 2015) ("A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of

---

[1] See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

4

the note." (quoting <u>Focht v. Wells Fargo Bank, N.A.</u>, 124 So. 3d 308, 310 (Fla. 2d DCA 2013))).

Affirmed.