**HOCKEY CLUB OF SAGINAW, INC., a Michigan Corporation, Plaintiff,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, a Foreign Corporation, Defendant.**

**Civ. A. No. 77–71077.**

United States District Court, E. D. Michigan, N. D.

Jan. 25, 1979.

Robert P. Ufer, Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., for plaintiff.

G. Cameron Buchanan, Buchanan, Ogne & Jinks, Troy, Mich., Robert G. Chaklos, Chaklos, Jungerheld & Della Santina, P. C., Saginaw, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is an action for declaratory relief in which plaintiff seeks the interpretation of an exclusion to a comprehensive general liability coverage provision of a Multiple Liability Policy issued by defendant to plaintiff in October 1972. The matter is before the Court on plaintiff's motion for summary judgment.

The parties agree that there is no genuine issue as to any material fact and that the action is ripe for summary judgment as the actual controversy involves an issue of law, i. e., the interpretation of the insurance policy.

Plaintiff operates a hockey club, the Saginaw Gears, as a member team in the International Hockey League. In October 1972, plaintiff was issued a Multiple Liability Policy which contained a comprehensive general liability insurance provision. Such provision provided insurance coverage for all sums within the policy limits which plaintiff would become obligated to pay as damages for bodily injury or property damage to which the insurance applied. The policy was renewed annually and was in full force and effect at all relevant times to this action.

On or about November 26, 1976, John Rogers Kellogg and his wife commenced a personal injury action against the Hockey Club of Saginaw in the United States District Court, Eastern District of Michigan.

Upon receipt of the lawsuit, plaintiff forwarded a copy of the complaint to defendant and requested coverage pursuant to the terms and conditions of said policy. Counsel for defendant filed an appearance for plaintiff and successfully moved for the dismissal of the action for lack of jurisdiction in the Federal court.

On or about January 12, 1977, Kellogg and his wife reinstituted the identical action against the Hockey Club of Saginaw in the Circuit Court of the County of St. Clair, State of Michigan. On or about February 25, 1977, defendant informed the Hockey Club of Saginaw that, as a result of the "Athletic Participants Exclusion" to the comprehensive general liability insurance provisions of defendant's policy, defendant would be unable to defend plaintiff in the Kellogg action.

The Kellogg action arose from an incident which occurred on May 4, 1975 during a hockey game between the Saginaw Gears and the Toledo Golddiggers. In that game, John Kellogg was part of an officiating crew and was performing the duties of a linesman. During a stoppage in play, Kellogg was allegedly struck down and assaulted by a Saginaw player. Kellogg's action against the Hockey Club of Saginaw and the individual player alleges that he suffered various personal injuries as a result of the incident.

It is plaintiff's position that defendant is obligated to defendant plaintiff in the Kellogg action under the provisions of the comprehensive general liability insurance section of the Multiple Liability Policy. Defendant contends that it is not obligated to defend the Kellogg action as Kellogg comes within the "Athletic Participants" exclusion of the said policy.

The provision in question is entitled and reads as follows:

## "EXCLUSION"

### (Athletic Participants)

"It is agreed that with respect to operations described below or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the Named Insured."

The issue is whether an official in a hockey contest is an athletic participant within the meaning of the exclusion. The Court finds that he is not.

The exclusion must be interpreted in light of its limiting title, "Athletic Participants." An athletic participant is one who readies himself for an athletic contest by practicing and is actively involved in the

contest either individually or jointly with team members. An official, on the other hand, has an uninvolved role and is responsible only for the application of the rules to the contest. "A person who is merely a spectator or an employee working in connection with the holding of the game or contest is not a participant in such games or contests, and therefore does not come within an exclusion as to such persons." *Couch on Insurance 2d* § 44:522 pp. 69–70.

Accordingly, the Court finds that John Kellogg, acting as a linesman on May 4, 1975 in the hockey contest between the Saginaw Gears and the Toledo Golddiggers, was not an athletic participant under the exclusion to the insurance policy in question.

To interpret the exclusion provision as broad as defendant contends, the group of "participants" would be so greatly expanded as to render the exclusion either meaningless or ambiguous. Any ambiguity is construed in favor of the insured and against the insurer. *Gorham v. Peerless Life Insurance Co.*, 368 Mich. 335, 343, 118 N.W.2d 306 (1962); *Union Investment Co v. Fidelity & Deposit Co. of Maryland*, 549 F.2d 1107, 1111 (CA 6, 1977).

■■■ It is a principle of law too well established in this jurisdiction and others to need discussion or citation of authorities, that a policy of insurance couched in language chosen by the insurer must be given the construction of which it is susceptible most favorable to the insured; that technical constructions of policies of insurance are not favored; and that exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer. *Francis v. Scheper*, 326 Mich. 441, 448, 40 N.W.2d 214 (1949).

■■■ As for defendant's contention that the Court is without jurisdiction in this action because Kellogg's sole remedy is under the State of Michigan Workers' Compensation Laws, the Court finds that such contention is without merit. The Court is not concerned with the substantive rights or defenses available to the parties in the state action. The Court is only concerned with determining the rights and/or liabilities of the instant parties to the insurance policy at issue. In fact, defendant's policy specifically provides that it has a duty to defend and provide coverage "even if any of the allegations of the suit are groundless, false or fraudulent . . ." exhibit A to Complaint.

For all these reasons, plaintiff's Motion for Summary Judgment is GRANTED and the Court shall enter an appropriate judgment.

IT IS SO ORDERED.