389 So.2d 1079 (1980)
MORRISON ASSURANCE COMPANY, INC., Appellant,
v.
CITY OF OPA-LOCKA, Florida, Appellee.
Nos. 79-1949, 79-2374.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Stephens, Schwartz, Lynn & Chernay and Robert M. Klein, Miami, for appellant.
*1080 Weintraub, Weintraub, Seiden, Dudley & Press and Jan K. Seiden, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
The City of Opa-Locka operates a recreational area known as Sherbondy Park, and has purchased from Morrison Assurance Company a comprehensive liability policy to cover injuries sustained by the public while on the premises. One Virginia Pitts sustained injuries at the park when she fell over a wheelbarrow left near a softball diamond. At the time of the incident, she was practicing with her team for an upcoming softball game.
Morrison sought a declaratory judgment of non-coverage below, and appeals from an adverse ruling. We reverse.
A policy exclusion provided that coverage would not extend "to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity or contest." The trial court ruled that the exclusion unambiguously did not pertain to "unauthorized, non-sponsored, unsupervised physical play or acts": Since Virginia's activity was unsupervised, etc., it was covered.
We find no policy reference to or any implicit suggestion of a policy distinction between supervised and unsupervised, sponsored and unsponsored, authorized and unauthorized play. Virginia was a member of a softball team. That team congregated at the park to practice for a game to take place later in the day. She was injured during the course of that practice. She was "practicing... [a] sport... ."
It is urged that the city's intention was to purchase coverage for all incidents and occurrences except those involving authorized or sponsored participants, e.g. league teams, which provide their own insurance as a precondition to using the field. That may well be a valid statement of the city's intent, but absent ambiguity in the contract terms, a contract of insurance must be given effect as written. Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Connecticut General Life Insurance Co. v. Moore, 357 So.2d 475 (Fla. 3d DCA 1978).
Reversed.