424 So.2d 39 (1982)
David L. DODGE, et Ux, Appellants,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK, etc., et al., Appellees.
No. 81-1397.
District Court of Appeal of Florida, Fifth District.
December 1, 1982.
Rehearing Denied January 5, 1983.
*40 Anthony I. Provitola, DeLand, for appellants.
Darrell F. Carpenter of Wells, Gattis, Hallowes & Holbrook, Orlando, for appellee Fidelity & Cas. Co. of New York.
Lora A. Dunlap of Akerman, Senterfitt & Eidson, Orlando, for appellee Continental Cas. Co.
COWART, Judge.
Appellant, a subcontractor's employee allegedly injured on a construction job by the negligence of Chester Park, an employee of the general contractor, sued Park and the general contractor's general liability insurers, the appellee insurance companies. From a summary judgment in favor of the insurers, the injured employee appeals. We affirm.
Under Florida's workers' compensation law, appellant was not only an actual employee of the subcontractor but also a "statutory employee" of the general contractor. See Lingold v. Trans-America Insurance Company, 416 So.2d 1271 (Fla. 5th DCA 1982).
The general contractor carried general liability insurance for protection from potential liability to third parties injured by the general contractor's employees. The general question here is whether the appellee insurers are liable on those policies for the subcontractor's employee's injuries. Such policies generally, and in this case, contain two common provisions to exclude coverage as to matters covered by workers' compensation. The first, an employee exclusion clause, would exclude the general contractor's own actual employee (such as Chester Park) from recovering from the general contractor by virtue of such employee being an insured under the policy.[1] However, this exclusion relates only to injuries caused by the insured to his own employees[2] and does not exclude injuries caused by an insured employee to a fellow employee. Therefore, this latter situation is covered by a "cross-employee exception clause" which excludes from the definition of insured any person who, while engaged in the business of his employer, injures a fellow employee. The final question in this case is whether the cross-employee exception clause applies only to "actual" fellow employees or whether it also applies to "statutory" employees, such as appellant.
The purpose of the exception clause is to eliminate the double coverage that would otherwise result when workers' compensation also applies and, under the circumstances in this case, the general contractor is required to provide workers' compensation to appellant as a "statutory employee." Therefore, the term employee in the policy should be construed to include "statutory employees," as that term is used in the workers' compensation law. This is a reasonable, logical construction of the policy in this situation, is the construction given in *41 other jurisdictions,[3] and was the one made by the trial court, whose conclusion we
AFFIRM.
ORFINGER, C.J., and SHARP, J., concur.
NOTES
[1] See, e.g., McRae v. Snelling, 303 So.2d 670 (Fla. 4th DCA 1974).
[2] See, e.g., Shelby Mut. Ins. Co. v. Schuitema, 183 So.2d 571 (Fla. 4th DCA 1966), cert. discharged, 193 So.2d 435 (Fla. 1967) (referring to and adopting opinion of district court).
[3] See, e.g., Ward v. Curry, 341 S.W.2d 830 (Mo. 1960). See generally, annot., 45 A.L.R.3d 288 (1972) (construction and application of provision of automobile liability policy expressly excluding from coverage liability arising from actions between fellow employees).