SALINE COUNTY AGRICULTURAL ASSOCIATION, Plaintiff-Appellant, v. GREAT AMERICAN INSURANCE COMPANY *et al.*, Defendants (Great American Insurance Company, Defendant-Appellee; Jerry Risley, Defendant-Appellant).

Fifth District No. 5—85—0011

Opinion filed June 26, 1986.

Harris, Lambert & Wilson, of Marion, for appellant Jerry Risley.

Michael V. Oshel, P.C., of Harrisburg, for appellant Saline County Agricultural Association.

Charles R. Jelliffe, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal is taken from a judgment entered in an action for declaratory judgment brought by the named insured, Saline County Agricultural Association, against the insurer, Great American Insurance Company, and Jerry Risley, who had filed suit several years earlier against the named insured for personal injuries suffered while he was riding as a jockey in a horse race at a fair sponsored by the named insured. On the basis of an exclusion in the policy, the trial court found

in favor of the defendant insurer and against the plaintiff and the defendant Jerry Risley. The plaintiff and the defendant Risley present the same two issues for review: (1) whether the exclusion is free and clear from doubt with regard to excluding a horse race from coverage under the policy of insurance and (2) whether the insurer should be estopped to deny coverage to the named insured because of its refusal to defend the named insured in the underlying action by Jerry Risley against the plaintiff association.

In its second amended complaint, the plaintiff association alleged that on July 23, 1974, while the policy was in effect the defendant Risley was injured and that on December 5, 1974, he brought a suit, which is still pending, against the plaintiff association. In the complaint in that suit, which is attached as Exhibit B to the second amended complaint in the instant suit for declaratory judgment, the plaintiff Risley alleged that on July 23, 1974, he was a jockey riding a horse entered in one of the races at the Saline County Fair "staged" by the Saline County Agricultural Association and that in front of the main grandstand a portion of the railing of the fence on the inside of the track had been cut away and sawhorses had been "interspaced in place of the railing on the inside of the track." The complaint by Risley alleged that during the race his horse had run through an opening in the "improvised fence" and through the centerfield of the track, thereby causing him to be thrown from the horse and dragged on the ground with his foot caught in the stirrup. In the action for declaratory judgment the Association alleged further that it had tendered the defense of the suit by Risley to its insurer and that in a letter to the Association on September 20, 1974, attached to the second amended complaint as Exhibit C, the insurer had denied coverage of the claim because of an exclusion in the policy, attached to the second amended complaint as Exhibit A, which states as follows:

"EXCLUSION<br>(Fairs)

It is agreed that the insurance applies with respect to the operation of any fair out of doors subject to the following additional exclusions:

The insurance does not apply

 1. to bodily injury or property damages arising out of

 (a) mechanically operated amusement devices owned or operated by the named insured,

 (b) automobile or motorcycle racing or stunting,

 (c) rodeos, or

 2. to bodily injury to any person while practicing for or par-

ticipating in any contest or exhibition of an athletic or sports nature sponsored by the named insured."

According to the insurer in its correspondence with the Association, the applicable paragraph of the exclusion is paragraph two. In the action for declaratory judgment, the Association alleged that the policy did apply under the allegations in the suit brought by Risley against it and that the insurer had a duty to defend and to pay any judgment entered against the Association up to the limits of the policy. The Association alleged that on December 26, 1974, the insurer had returned the summons in the suit by Risley for the reason that the loss was excluded by the second paragraph of the exclusion concerning "Fairs" set forth above. The Association alleged that, by reason of the insurer's failure to defend the suit against it, by Risley, it had incurred and would incur further expenses for legal services and costs for which it should be reimbursed and that the insurer should be estopped to deny coverage under the policy.

The insurer moved, *inter alia*, that the second amended complaint be dismissed and that judgment be entered in its favor on the pleadings because there was no coverage under the policy as a result of the exclusion. The trial court denied the defendant's motion, stating,

"In view of the context, it seems plausable [*sic*] that a horse race may not be excluded by the language of paragraph two (2) of the Exclusion attached to Exhibit A of the complaint. In the absence of evidence it is not clear what the parties may have intented [*sic*] by that rather general language. At least, I would have to say that the language is, at this time not 'clear and free from doubt' in the sense of [*Associated Indemnity v. Insurance Company of North America* (1979)] 68 Ill. App. 3d 807, 817 [386 N.E.2d 529]."

Thereafter the plaintiff association moved for summary judgment, which motion the trial court denied. The parties subsequently stipulated to a statement of facts. The trial court entered judgment in favor of the defendant insurer and against the Association and the defendant Risley and denied their post-trial motions. Both of these parties have appealed.

■■■ With respect to the first issue presented for review, whether the exclusion is free and clear from doubt with regard to excluding a horse race from coverage under the policy of insurance, in Illinois, if the provisions of an insurance policy are ambiguous or equivocal, the policy is construed liberally in favor of the insured. (*State Farm Mutual Auto Co. v. Childers* (1977), 50 Ill. App. 3d 453, 365 N.E.2d 290.) However, the general rule is that in the absence of ambiguity, words in

an insurance policy are to be given their plain and ordinary meaning. (50 Ill. App. 3d 453, 365 N.E.2d 290.) The principle requiring construction of ambiguous language of an insurance contract in favor of the insured does not authorize the perversion of language or an exercise of inventive powers for the purpose of creating an ambiguity where none exists. 50 Ill. App. 3d 453, 365 N.E.2d 290.

■ The language of the policy in question expressly excludes in paragraph two coverage for bodily injury occurring to any person while "participating in any contest or exhibition of an athletic or sports nature sponsored by the named insured." The appellants maintain that because paragraph two does not specifically refer to a "horse race," it must be interpreted to determine whether the parties intended the words "contest or exhibition of an athletic or sports nature" to include a horse race. "Race" is defined as "[a] running in competition; a contest of speed, as in running, riding, sailing"; "horse racing" is defined as "[t]he racing of horses, esp. thoroughbreds, as a sport." (Webster's New International Dictionary 2048, 1203 (2d ed. 1947).) Neither dictionary definition nor commonly held understanding supports the appellants' contention that a horse race is not a "contest * * * of an athletic or sports nature." The appellants maintain that in order to determine whether the words in question include a horse race, it is necessary to examine paragraphs one and two of the exclusion together. They assert that if a horse race is a "contest or exhibition of an athletic or sports nature," so too is a rodeo, which is expressly included in paragraph one. They argue that, as such, a rodeo would have been included within the language of paragraph two and, that being the case, there would have been no need to exclude a rodeo expressly in paragraph one. They make the same argument with regard to "automobile or motorcycle racing or stunting," contending that, because of the express exclusion in paragraph one of "mechanically operated amusement devices," the specific exclusions of paragraph one are dissimilar and the general exclusion of paragraph two does not encompass them. However, paragraph one excludes coverage for either "bodily injury or property damage" arising out of the conduct expressly set forth, whereas paragraph two excludes coverage only for "bodily injury" occurring to anyone engaging in the conduct described there. The appellants urge that this difference between the two paragraphs argues for the exclusion of a horse race from paragraph two because the "absurd result" would follow of coverage for property damage to a horse but an absence of coverage for an injury to a jockey riding the horse. We must disagree. As the appellants point out, neither horse nor rider would be covered in the event of injury or damage during a rodeo and, we note, neither

automobile nor motorcycle would be covered in the event of injury or damage during such racing or stunting. However, the provisions of the policy are less restrictive in the event of property damage incurred during a horse race or other contests or exhibitions covered by paragraph two of an athletic or sports nature involving personal property at a fair, such as, possibly, a tractor or horse pull, and we need not speculate as to the reasoning of the parties in entering into such an agreement.

 Having found no ambiguity in the exclusion, we turn to the other issue raised by the appellants, whether the insurer should be estopped to deny coverage to the Association because of its refusal to defend the Association in the suit brought by Jerry Risley against it. In this jurisdiction an insurer's duty to defend an action against its insured is determined by the allegations of the complaint, and an insurer may not justifiably refuse to defend an action against its insured unless it is plain from the face of the complaint that the allegations fail to state facts that bring the case within, or potentially within, the policy's coverage. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 442 N.E.2d 245.) If the complaint contains allegations that, if true, would exclude coverage under the policy, the insurer has no obligation to defend, but if an exclusionary clause is relied upon to deny coverage, its applicability must be clear and free from doubt at the time the insurer is requested to tender a defense. (*Trovillion v. United States Fidelity & Guaranty Co.* (1985), 130 Ill. App. 3d 694, 474 N.E.2d 953; *Associated Indemnity Co. v. Insurance Company of North America* (1979), 68 Ill. App. 3d 807, 386 N.E.2d 529.) In the instant case the exclusionary clause relied upon by the insurer was unambiguous, and, as such, its applicability was clear and free from doubt at the time the insurer was asked to defend the suit brought by Jerry Risley for personal injuries suffered by him, according to the complaint, while he was participating as a jockey in a horse race sponsored by the insured. Because of the unambiguous exclusion, the allegations of the complaint failed to state facts bringing the case within or potentially within the policy's coverage. Thus, the insurer was justified in its refusal to defend. Not having breached its contractual duty to defend, the insurer is not estopped from raising the exclusion as a defense to deny coverage to the Association. See *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.