UNITED STATES FIRE INSURANCE COMPANY, Appellee,

v.

OHIO HIGH SCHOOL ATHLETIC ASSOCIATION; Wissel et al., Appellants.

[Cite as *United States Fire Ins. Co. v. Ohio High School Athletic Assn.* (1991), 71 Ohio App.3d 760.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900030.

Decided April 3, 1991.

*O'Hara, Rubers & Taylor* and *Gary J. Sergent,* for appellee.

*Lindhorst & Dreidame* and *James L. O'Connell;* and *Joseph C. Kammer,* for appellants.

---

*Per Curiam.*

The defendants-appellants, John P. Wissel and his father, James E. Wissel, appeal the trial court's order granting summary judgment to the United States Fire Insurance Company ("U.S. Fire") on its complaint for declaratory judgment. The trial court found that an insurance policy issued by U.S. Fire to the Ohio High School Athletic Association did not cover injuries suffered by John Wissel in a high school football game. The Wissels assert that the trial court erred. We disagree and affirm.

I

While playing in a high school football game John Wissel suffered an injury which left him a quadraplegic. He and his father filed a personal-injury complaint against numerous defendants, including the Ohio High School Athletic Association ("OHSAA"). The complaint alleged that the injury resulted from "contact * * * made by [John Wissel's] helmet upon the hip of the opposing runner." OHSAA and the other defendants were accused of negligently failing to provide certain equipment, warn of safety hazards, implement and act upon rule changes, and coach certain tackling techniques.

On October 13, 1988, U.S. Fire brought a separate action for declaratory judgment against OHSAA. The complaint averred that the insurance policy issued by U.S. Fire to OHSAA excluded coverage for John Wissel's injuries by operation of the following clause:

"ATHLETIC PARTICIPANTS EXCLUSION

"It is agreed that this policy does not apply to liability arising out of the activities of any player, coach, manager, assistant coach, assistant manager or any person under contract to the Insured while engaged in any game or contest or practice or in the course of travel to any destination for the purpose of practicing for or participating in any contest whether regularly scheduled, exhibition, or post-season game."[1]

---

1. It should be noted that the complaint also averred that the policy in question was an "excess insurance policy providing coverage over and above limits of liability coverage provided by [the] primary insurance coverage * * *."

On April 7, 1989, U.S. Fire amended its complaint to include the Wissels as party-defendants. Although correspondence of record makes clear that counsel for the Wissels had been notified earlier, U.S. Fire did not formally request written service of the amended complaint on the Wissels until July 10, 1989.[2] Eight days later, on July 18, 1989, the trial court entered an order granting default judgment against OHSAA based upon its failure to appear at two hearings scheduled on U.S. Fire's motion to compel discovery. On July 19, 1989, U.S. Fire moved for summary judgment.

On August 8, 1989, the Wissels filed their answer, requesting that the court declare coverage in favor of OHSAA and require U.S. Fire to defend and provide coverage for any judgment in the Wissels' favor. On August 17, 1989, the Wissels moved the trial court to vacate the default judgment entered against OHSAA. On August 22, 1989, the Wissels filed a memorandum in opposition to U.S. Fire's motion for summary judgment.

Finally, on December 26, 1989, the trial court journalized its entry granting U.S. Fire's motion for summary judgment. Specifically, the trial court found that the "athletic participants exclusion" clause, quoted earlier, excluded insurance coverage for any damages awarded to John Wissel as a result of the injuries he sustained on the football field.[3]

## II

The Wissels present two issues under their sole assignment of error. First, the Wissels argue that R.C. 2721.12 made them necessary parties to the appellee's action for declaratory judgment, and that the trial court therefore erred by granting a default judgment against OHSAA before the Wissels could co-defend.

Second, the Wissels assert that the trial court erred by concluding that the "athletic participants clause" excluded coverage. They contend that, although John Wissel's injuries occurred on the football field, the negligent conduct for which they are suing OHSAA did not. They claim that the acts for which they are suing OHSAA arose antecedent to Wissel's injury on the field, and were not committed by athletic participants, so that OHSAA's potential

---

2. According to counsel for U.S. Fire, the company's delay in requesting written service was precipitated by an earlier representation, later withdrawn, by counsel for the Wissels that service would be accepted on behalf of the Wissels when the amended complaint was ordered filed.

3. For the purposes of this decision we treat the trial court's subsequent granting of summary judgment against the Wissels as an implicit denial of their earlier motion to vacate the default judgment against OHSAA.

liability does not, in the language of the exclusion clause, "arise from the activities [of any person] engaged in any game or contest * * *."

### III

We turn first to the substantive issue of whether the trial court erred in granting summary judgment based upon its finding that the "athletic participants clause" excluded from coverage the type of activity from which John Wissel suffered injury.

The words in a policy must be afforded their plain and ordinary meaning, "and only where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage." *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88. Although any exclusion from liability must be clear and exact to be given effect, *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 543 N.E.2d 488, the rule of liberal construction of an insurance policy should not be utilized to create an ambiguity in a policy when none, in fact, exists. *Burris, supra.*

In the case *sub judice,* our review of the insurance policy in question leads us to conclude that the exclusionary language is not ambiguous but is, rather, quite clear. The plain meaning of the language is to exclude from coverage liability incurred by OHSAA as a result of a person's participation in an athletic contest. The Wissels' argument that OHSAA's liability arises from negligent conduct off the field by others cannot overcome the fact that John Wissel's injury occurred on the field—as a direct result of his participation in an athletic contest. It is, moreover, John Wissel's injury and resulting damages which give rise to OHSAA's potential liability, not OHSAA's alleged antecedent negligence. This conclusion follows from the principle that negligent conduct without injury is not actionable, and is further demonstrated by the fact that the statute of limitations does not begin to run against a negligence action for personal injury until some damage has occurred or has been discovered. See R.C. 2305.10; *Wrinkle v. Trabert* (1963), 174 Ohio St. 233, 22 O.O.2d 248, 188 N.E.2d 587.

We conclude, therefore, that the trial court correctly concluded that there was no coverage. Moreover, we are not persuaded by the Wissels' argument that the early departure of OHSAA deprived them, as necessary parties, of a right to co-defend alongside OHSAA. The Wissels have not demonstrated any prejudice caused by OHSAA's early departure by default. In fact, the record indicates that the trial court considered all relevant issues pertinent to the controversy upon the Wissels' entry into the case. Given our

resolution of the substantive issue and OHSAA's manifest failure to defend its own interests, we are convinced that OHSAA's presence as a co-defendant would not have changed the ultimate result herein.[4]

Accordingly, the judgment below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.

---

**4.** We express no opinion on whether the Wissels were, in fact, necessary parties, given the alleged "excess umbrella" nature of the policy in question. See fn. 1, *supra*. As the Wissels were eventually served, filed an answer and counterclaim, and filed briefs and presented argument in opposition to U.S. Fire's motion for summary judgment, the question of whether they were necessary parties is only theoretical: whether necessary parties or not, the Wissels were before the court and allowed to fully assert their interests. We know of no authority, and none has been cited to us, which requires, for purposes of jurisdiction or otherwise, that necessary parties be simultaneously brought and kept in an action provided that they are, in fact, made parties.