586 So.2d 95 (1991)
JEFFERSON INSURANCE COMPANY OF NEW YORK, etc., Petitioner,
v.
SEA WORLD OF FLORIDA, INC., et al., Respondents.
No. 90-2179.
District Court of Appeal of Florida, Fifth District.
September 26, 1991.
*96 Robert E. Bonner of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for petitioner.
Dennis J. Wall of Dennis J. Wall, P.A., and Michael C. Maher and Kevin S. Cannon of Maher, Gibson & Guiley, Orlando, for respondents Walter Garrison and Priscilla Taylor.
Walter A. Ketcham, Jr., Taraska, Grower, Unger & Ketcham, for respondent Sea World of Florida, Inc.
DAUKSCH, Judge.
This is an appeal from an order determining insurance policy coverage, which we have elected to treat as a petition for a writ of certiorari. Fla.R.App.P. 9.040(c). Dixie Insurance Co. v. Beaudette, 474 So.2d 1264, 1265 n. 1 (Fla. 5th DCA 1985). We quash the appealed order.
Walter Garrison ("Garrison") was killed on August 15, 1986 while driving a Kawasaki jet ski during the "Ski Pirates" water ski show at Sea World of Florida ("Sea World"). Garrison was an employee of Maxwell Associates, Inc. ("Maxwell"), which had contracted to provide personnel and services to Sea World. At the time of Garrison's accident, Maxwell was insured by a policy of insurance issued by Jefferson Insurance Co. of New York ("Jefferson") to Maxwell Associates, Inc. Sea World was an additional named insured under the policy.
Following the accident Garrison's estate received workers' compensation benefits from Maxwell. When Garrison's parents sued Sea World, Sea World defended on the ground their claim was barred by workers' compensation immunity. Sea World also demanded that Jefferson provide it with a defense against the wrongful death action to the full extent of the coverage available under the policy. Jefferson denied it had a duty to defend and indemnify Sea World for any damages arising from the wrongful death claim. Accordingly, Jefferson moved to intervene in the wrongful death action and filed a complaint for a declaratory judgment, requesting a declaration of its rights under the insurance policy it issued to Maxwell. Jefferson alleged that Garrison was an employee of Maxwell only, and that certain exclusions in its policy precluded coverage for the accident in which Garrison was killed.[1]
The trial court found that Garrison was an employee of Maxwell, rejecting arguments that Garrison was a "special employee" of Sea World. Shelby Mutual Insurance Co. v. Aetna Insurance Co., 246 So.2d 98, 101 n. 5 (Fla. 1971). Thus, the employee exclusions relied upon by Jefferson were found inapplicable by the trial court, and we agree.
*97 Another exclusionary endorsement relied upon by Jefferson stated:
Endorsement # 1
EXCLUSION
(EXHIBITION PARTICIPANTS)
It is agreed that with respect to operations described above or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury to any person while performing in any exhibition or diving event sponsored by the named insured.
The trial court found this exclusion to be ambiguous, reasoning that the term "exhibition," which was not further defined in the policy, could have "as many definitions as those who chose to define it." Since it is well settled that any ambiguity in an insurance contract is resolved in favor of the insured and against the insurer, because the insurance company drafted the contract, Saha v. Aetna, 427 So.2d 316 (Fla. 5th DCA 1983), the trial court found this exclusion also to be inapplicable.
We disagree with the trial court's construction of this exclusionary clause. While uncertainties and ambiguities are to be construed against the insurer, this does not mean that courts are authorized to put a strained and unnatural construction on the terms of a policy in order to create an uncertainty or ambiguity. Central National Insurance of Omaha v. Prudential Reinsurance Co., 196 Cal. App.3d 342, 241 Cal. Rptr. 773, 780 (2 Dist. 1987). The mere failure to provide a definition for a term involving coverage does not necessarily render the term ambiguous. Traveler's Insurance Co. v. C.J. Gayfers & Co., 366 So.2d 1199 (Fla. 1st DCA 1979).
Courts in other jurisdictions have rejected the argument that sports or athletic exhibition exclusions similar to the abovequoted exclusion in Jefferson's policy are ambiguous. In Saline County Agricultural Assoc. v. Great American Insurance Co., 144 Ill. App.3d 394, 98 Ill.Dec. 951, 494 N.E.2d 1278 (5 Dist. 1986), the court held unambiguous an exclusion of "bodily injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the named insured." The court found that neither dictionary definition nor commonly held understanding supported the contention that a horse race was not a "contest ... of an athletic or sports nature." 98 Ill.Dec. at 954, 494 N.E.2d at 1281. See also Central National Insurance Co. of Omaha v. Prudential Reinsurance Co., supra; Madison County Sheriff's Posse Ins. v. Horsemans' United Assoc., 434 So.2d 1387 (Ala. 1983); Ruppa v. American States Insurance Co., 91 Wis.2d 628, 284 N.W.2d 318 (1979).
The most analogous Florida case we have found is Morrison Assurance Co. v. School Board of Suwannee County, 414 So.2d 581 (Fla. 1st DCA 1982), where the comprehensive general liability insurance policy contained an "Athletic Participant Exclusion" clause providing:
It is agreed that this insurance does not apply to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity or contest.
The court held this exclusionary clause to be "plain and unambiguous on its face, leaving no room for construction." 414 So.2d at 581. The court found that application of the plain-meaning rule and common sense supported the conclusion that running the 50-yard dash in a physical education class was an activity that fell within the exclusion. See also General Insurance Co. v. Academy of Visitation at St. Louis, 598 F. Supp. 1131 (E.D.Mo. 1984) (following Morrison Assurance Co. v. School Board of Suwannee County); Town of Surfside v. Morrison Assurance Co., 394 So.2d 530 (Fla. 3d DCA 1981); Morrison Assurance Co. v. City of Opa-Locka, 389 So.2d 1079 (Fla. 3d DCA 1980).
The purpose of exclusions such as the one in Jefferson's policy is to except from liability coverage the risks which are normally encountered in practicing for or participating in a particular sports contest or exhibition. Mountain States Mutual Casualty Co. v. Northeastern New Mexico Fair Assoc., 84 N.M. 779, 508 P.2d 588 (1973). In Garcia v. St. Bernard School Parish, 576 So.2d 975 (La. 1991), the court *98 stated that to establish the applicability of such an exclusion, the insurer has the burden of demonstrating:
(1) that the event in which the person was injured was a contest or exhibition; (2) that the contest or exhibition was of an athletic or sports nature; (3) that the contest or exhibition was sponsored by the named insured; and (4) that the injured person was practicing for or participating in the contest or exhibition at the time of the injury.
Garcia, 576 So.2d at 976-977.
Applying the above test to the instant case, we have no difficulty finding that the plain meaning of the exhibition exclusion in the policy applies to the event in which Garrison was performing while he was killed. Such an interpretation would be consistent with the common, everyday usage of the word "exhibition," and would certainly encompass a public showing of athletic skills such as that displayed in the "Ski Pirates" show. Divers like Garrison supplied to Sea World by Maxwell were highly skilled athletic performers, required to be capable of executing comedic and acrobatic dives, in addition to participating in other show performances designated by Sea World, such as the "Ski Pirates" show. In the latter, Garrison, while riding a Kawasaki jet ski, was required to execute a split second maneuver between two ski boats driven by Sea World employees. On the afternoon of August 15, 1986, he was killed during such a maneuver.
Because the exclusionary clause relied upon by Jefferson applies, we must quash the appealed order and remand the case to the trial court with instructions to enter a Final Declaratory Judgment finding that Jefferson has no obligation to Sea World or Garrison for any claims arising out of the wrongful death action filed on behalf of decedent Walter Garrison's estate.
ORDER QUASHED; CAUSE REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Two of the three exclusions relied on by Jefferson provided that the insurance did not apply:

(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workman's compensation, unemployment compensation or disability benefits law, or under any similar law;
(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract.
Florida courts have recognized that such provisions exclude coverage for matters generally covered by workers' compensation. Dodge v. Fidelity & Casualty Co. of New York, 424 So.2d 39 (Fla. 5th DCA 1982), rev. den., 431 So.2d 988 (Fla. 1983).