## CLERMONT CENTRAL SOCCER ASSOCIATION

v.

## CINCINNATI INSURANCE COMPANY et al.

Court of Common Pleas of Ohio,
Clermont County.

No. 95–CV–000518.

Decided Dec. 8, 1995.

*John Woliver* and *Vincent Faris,* for plaintiff.

*Lisa Love,* for defendant Cincinnati Insurance Company.

*Richard D. Lameier,* for defendant Jeffrey Snider.

*Stephen J. Brewer,* for defendant Emory P. Zimmer Agency, Inc.

---

ROBERT P. RINGLAND, Judge.

This matter came before the court on November 29, 1993, pursuant to the plaintiff's declaratory judgment action. After having heard oral argument in this matter, the court took the matter under advisement and hereby renders a decision as follows.

On November 13, 1993, defendant Jeffrey Snider was acting as a referee for a tournament soccer match being held by plaintiff Clermont Central Soccer Association. During the course of the match, Snider attempted to avoid running into children who were running the wrong way, and fell, suffering injuries when he hit his head. As a result of the injuries sustained by Snider, Snider brought suit against plaintiff, alleging that plaintiff was negligent in sponsoring a soccer game on a field with unsafe conditions.

Plaintiff then notified its insurance agency, Leroy Herbst Agency, Inc., and its insurer, Cincinnati Insurance Company ("CIC"), of the claim filed by Snider. After reviewing the claim asserted by Snider, CIC denied any coverage on the claim, stating that the claim was not covered under the terms of the insurance policy. The policy in question provides the following exclusion:

"With respect to any operations shown in the schedule, this insurance does not apply to 'bodily injury' to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor."

Plaintiff herein asserts that this exclusion is ambiguous, and that, as such, the terms should be construed in favor of coverage. In opposition, defendant CIC argues that the exclusion in question has already been ruled unambiguous in Ohio, and that the exclusion should apply, since the injury actually occurred during the course of the sporting event.

An insurer, being the party that selects the language used in an insurance policy, must be specific in its use of language. *Nationwide Mut. Ins. Co. v. Wright* (1990), 70 Ohio App.3d 431, 591 N.E.2d 362. For an exclusion to be given effect, an insurance policy must be clear and exact. *United States Fire Ins. Co. v. Ohio High School Athletic Assn.* (1991), 71 Ohio App.3d 760, 595 N.E.2d 418. That which is not clearly excluded in an insurance policy is included. *Johnston v. Akron Ctr. for Reproductive Health, Inc.* (1990), 68 Ohio App.3d 655, 589 N.E.2d 432. If an exclusionary clause will reasonably admit of an interpretation that would preserve coverage for the insured, then, as a matter of law, the court is bound to adopt a construction which favors coverage; however, if an exclusionary clause has only one reasonable interpretation, the court is bound to enforce the provision accordingly. *Watkins v. Brown* (1994), 97 Ohio App.3d 160, 646 N.E.2d 485.

In *United States Fire Ins. Co., supra,* the First District Court of Appeals ruled an "athletic participants clause" to be unambiguous, and applied the plain and ordinary meaning of the words contained in the exclusion. The exclusion read as follows:

" 'ATHLETICS PARTICIPANTS EXCLUSION

" 'It is agreed that this policy does not apply to liability arising out of the activities of any player, coach, manager, assistant coach, assistant manager or any person under contract to the Insured while engaged in any game or contest or practice or in the course of travel to any destination for the purpose of practicing for or participating in any contest whether regularly scheduled, exhibition, or post-season game.' " 71 Ohio App.3d at 761, 595 N.E.2d at 419.

Comparing the exclusion contained in *United States Fire Ins. Co.* and the exclusion in the case *sub judice,* the court finds that the *United States Fire Ins. Co.* policy defines the parties excluded in much greater detail than does the policy under consideration here. The court finds the First District's holding inapplicable here due to the difference in the wording of the two policies.

While the court recognizes the fact that the case of *Hockey Club of Saginaw, Inc. v. Ins. Co. of N. Am.* (E.D.Mich.1979), 468 F.Supp. 101, is not mandatory authority for this court to follow, the court nevertheless finds this case to be highly persuasive, inasmuch as the exclusionary language contained in *Hockey Club* is virtually identical to the exclusionary language contained in the case *sub*

*judice.* Defendant submits that the *Hockey Club* decision is inapplicable here because in that case the injury to the official occurred during a stoppage in the play. While defendant's statement of the facts in *Hockey Club* is accurate, the court finds that the decision in *Hockey Club* did not turn upon the fact that the injury occurred during the stoppage.

■ In light of *Hockey Club* and the court's own reading of the athletic participants clause in question here, the court finds that the athletic participants clause is ambiguous at best. Exclusions are to be interpreted in light of their limiting titles. *Id.,* 468 F.Supp. at 102. The title "Athletic or Sports Participants" used by CIC is ambiguous, inasmuch as "participant" is susceptible of more than one meaning. One could reasonably believe that the term "participant" is synonymous with the term "player" or one could believe that the term "participant" applies to anyone involved in any way with the sporting event.

In light of the imprecise terminology used in the exclusion at hand, the court must construe the exclusion in favor of coverage, and against the insurer, as the drafter of the policy. Since a referee is not clearly excluded under the athletic participants clause, a referee's bodily injury is included under the CIC policy. The court hereby grants declaratory judgment in favor of plaintiff.

*Judgment for plaintiff.*