**Leland FRIAR, Plaintiff/Appellant,**

v.

**STATUTORY TRUSTEES OF KIRK-WOOD SPORTS ASSOCIATION, INC. d/b/a Kirkwood Athletic Association, Defendant/Appellant,**

and

**General Agents Insurance Company Of America, Inc., Defendant/Respondent.**

Nos. 71875, 71876.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 14, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1998.

Application for Transfer Denied Feb.24, 1998.

James M. Dowd, St. Louis, for appellant Friar.

Eugene Portman and Wrenn Terrill, Clayton, for appellant Kirkwood.

Thomas J. Plunkert, St. Louis, for respondent.

GRIMM, Presiding Judge.

Plaintiff sustained injuries while participating in a baseball game on defendant Kirkwood's baseball field. He filed a declaratory judgment action against Kirkwood and General Agents Insurance Company seeking a declaration that an insurance policy provided coverage for his damages.

The trial court granted General Agents' motion for summary judgment. It found that the policy specifically excluded coverage for injuries sustained by participants "in any contest, demonstration, event, exhibition, race or show." Both plaintiff and Kirkwood appeal. We affirm.

I. Background

The petition and summary judgment proceedings disclose the following. In June 1991, plaintiff participated in an American Legion baseball game at a facility Kirkwood owned and operated. During the game, he slid into second base. While sliding, his

right knee and leg hit a metal bar or plate protruding from the base, causing him to sustain injuries. His petition alleges Kirkwood negligently modified the base which caused his injury.

Previously, Kirkwood had purchased a commercial general liability policy from General Agents. The policy's declarations page indicated premiums were charged for several classifications, including "Parks or Playgrounds," "Grandstands or Bleachers," and "Athletic Games Sponsored by insured." The declarations page also indicated that GL 100 (7/90) was a schedule of forms and endorsements applicable to the policy at the time of issue.

Immediately following the declarations page was form GL 100. It reflects that nine identified forms or endorsements are made part of the policy.

The next portion of the policy is titled, "Section 1—Coverages." The insuring agreement for Coverage A for Bodily Injury and Property Damage Liability provides that General Agents would pay "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

The insurance policy then sets out exclusions and additional areas of coverage. Following that are the nine forms or endorsements mentioned on form GL 100. One of them is form GL 122 (10/89). It provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to and no duty to defend is provided by us for claims, "suits," accusations or charges of any loss, cost or expense arising out of:

1. "Bodily injury," . . . sustained by any person while practicing for or participating in any contest, demonstration, event, exhibition, race or show.

For the purposes of this endorsement "any person" includes, but is not limited to participants. . . .

As previously indicated, the trial court granted General Agents' summary judgment motion. It declared that General Agents is not required to pay any judgment rendered in favor of plaintiff and against Kirkwood "for any injuries sustained by plaintiff on account of the factual allegations" contained in the pleadings.

## II. Exclusionary Clause

■ Plaintiff's sole point and Kirkwood's first point both allege the trial court erred in holding that the policy is unambiguous and that the exclusion excludes coverage. They contend it is ambiguous and must be construed against General Agents.

Exclusionary clauses in insurance policies are to be strictly construed against the insurer. *Centermark Properties, Inc. v. Home Indem. Co.*, 897 S.W.2d 98, 101 (Mo.App.E.D. 1995). However, clear and unambiguous language in a policy is to be given its plain meaning notwithstanding the fact that it appears in restrictive provisions of the policy. *Jasper v. State Farm Mut. Auto. Ins. Co.*, 875 S.W.2d 954, 956–57 (Mo.App. E.D.1994). The test for ambiguity is whether the disputed language is reasonably susceptible to more than one meaning when the words are given their plain meaning as understood by the average person. *Uhle v. Tarlton Corp.*, 938 S.W.2d 594, 600 (Mo.App. E.D.1997).

Plaintiff and Kirkwood argue that the issue is not whether plaintiff was participating in a baseball game, which both agree he was, but whether the language in the exclusion should be read to apply to injuries sustained in a baseball game yet caused by a defect in the premises. They contend that the exclusion applies only to risks associated with the game of baseball, not all risks. We disagree.

The exclusion states that bodily injury sustained "while . . . participating in any contest, demonstration, event, exhibition, race or show" is not covered by this policy. Given the plain meaning of the words, the exclusion does not limit itself to a cause directly related to baseball such as being hit by a ball or baseball bat. It applies to any injury as long as it was sustained "while" participating in the game.

Neither plaintiff nor Kirkwood have referred us to any case that has held that the exclusion in this policy is ambiguous. Nor has our independent research disclosed any. On the other hand, numerous courts have found in factually analogous cases that identical or similar language is not ambiguous. *See e.g., United States Fire Ins. Co. v. Ohio High School Ath. Ass'n,* 71 Ohio App.3d 760, 595 N.E.2d 418 (1991) (football player injured during game; defendants alleged to have negligently failed to provide certain equipment and warn of safety hazards; plaintiff's argument that "liability arises from negligent conduct off the field by others does not overcome the fact that [plaintiff's] injury occurred on the field-as a direct result of his participation in an athletic contest;" injury and resulting damages gave rise to defendant's potential liability, not their "alleged antecedent negligence.") *Id.,* 595 N.E.2d at 420; *Saline County Agricultural Ass'n v. Great American Ins. Co.,* 144 Ill.App.3d 394, 98 Ill.Dec. 951, 494 N.E.2d 1278 (1986) (person riding as a jockey in a horse race; horse ran through portion of fence that had negligently been cut away and through a centerfield, causing person to fall; exclusion not ambiguous and coverage denied) *Id.* at 954, 494 N.E.2d at 1281; *Madison County Sheriff's Posse v. Horseman's United Ass'n Inc.,* 434 So.2d 1387 (Ala.1983) (horse rider injured when horse he was riding tripped over a farm implement negligently placed in an unlighted area; "the language is clear and unambiguous, excluding personal injury 'to any person' while practicing for or participating in any contest or exhibition of an athletic or sports nature. . . .") *Id.* at 1389–90; *Morrison Assurance Co. v. City of Opa–Locka,* 389 So.2d 1079 (Fla.App.1980) (softball player injured while practicing for a game when she fell over a wheelbarrow left near a softball diamond; finding no ambiguity, the court held the "contract of insurance must be given effect as written.") *Id.* at 1080; *Ruppa v. American States Ins. Co.,* 91 Wis.2d 628, 284 N.W.2d 318 (1979) (horse rider killed when horse fell due to an allegedly defective condition of the arena's floor; injuries "sustained while participating in such events were excluded from coverage.") *Id.,* 284 N.W.2d at 324.

The trial court did not err in finding that the exclusion in the insurance policy was not ambiguous. The policy excluded coverage for any injury sustained while participating in a baseball game. Point denied.

### III.  Insured–Excluded Risk

■ Kirkwood raises a second point on appeal. It alleges that the trial court erred in awarding summary judgment because the policy contained one clause providing coverage and another clause excluding coverage. Thus, it argues, in such circumstances, an insurer is liable so long as one of the causes of the damages is covered by the policy.

Kirkwood's brief does not specifically identify the clause in the policy that it relies on to provide coverage. At oral argument, Kirkwood's counsel indicated that the clause it was relying on was the insuring agreement previously quoted, which provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

Kirkwood contends that this clause provides coverage, while the exclusionary clause discussed in the previous section excludes coverage.

The difficulty with Kirkwood's argument is that the quoted clause does not commit General Agents to pay all damages for bodily injury. Rather, the clause limits General Agents' liability to those damages "to which this insurance applies." As discussed in the previous section, the policy unambiguously does not apply to " 'bodily injury' . . . sustained by any person while practicing for or participating in any contest." Thus, the clause on which Kirkwood relies, which contains the limitation "to which this insurance applies," does not provide coverage. Since it does not provide coverage, obviously it does not conflict with the exclusionary clause.

Nevertheless, Kirkwood contends that its position is supported by *Pakmark Corp. v. Liberty Mut. Ins. Co.,* 943 S.W.2d 256 (Mo. App. E.D.1997), *Braxton v. United States Fire Ins. Co.,,* 651 S.W.2d 616 (Mo.App. E.D. 1983), and *Centermark,* 897 S.W.2d 98. We disagree.

*Pakmark* is distinguished by the type of policy issued. In *Pakmark,* plaintiff "was insured under an all-risk policy of insurance." *Pakmark,* 943 S.W.2d at 258. As such, all losses are covered "unless the policy contains a specific provision expressly excluding the loss from coverage." *Id.* at 259.

In *Pakmark,* the plaintiff sustained damages resulting from a flood and from a sewer backup. The insurance policy excluded losses from flood water. The plaintiff argued that its losses resulted from the two causes, and not just flood water. Although sewer backup damage would be covered under the all-risk portion of the policy, when it combined with the flood water, this court found that the specific language of the policy's exclusionary clause excluded coverage. *Id.* at 262. Further, two separate causes combined to create the plaintiff's loss, the flood water and the sewer backup.

The policy before us is not an all-risk policy. Rather, it is a commercial general liability policy which affords specific coverage for specific losses. This policy specifically excludes coverage for injuries sustained during a contest. Further, unlike *Pakmark,* there is only one cause of plaintiff's injury, his sliding into an allegedly defective second base.

*Braxton* does not aid Kirkwood. There, this court determined that the exclusion did not "unequivocally exclude acts arising out of the ownership or use of a firearm by *any* person under *any* circumstances." *Braxton,* 651 S.W.2d at 619 (emphasis in original). Here, the exclusion is specific. It excludes coverage for bodily injury "sustained by *any* person while practicing for or participating in *any* contest." (emphasis added).

*Braxton* also recognized that "where an insured risk and an excluded risk constitute concurrent proximate causes of an accident, a liability insurer is liable so long as one of the causes is covered by the policy." *Id.* That holding does not aid Kirkwood because we are not confronted with "concurrent proximate causes of an accident." At the risk of being redundant, here the only cause of plaintiff's injury was his sliding into an allegedly defective second base.

Nor does *Centermark* support Kirkwood's contention. As in *Braxton,* this court focused on two concurrent proximate causes of the damage. *Centermark,* 897 S.W.2d at 101. There, we recognized that "while one proximate cause of the damage may have been the use of an automobile owned by Centermark, which was clearly excluded from coverage, a concurrent cause may have been Centermark's negligence in supervising and training employees, a covered risk." *Id.* We concluded by saying that the allegations "contain separate and non-excluded causes of defendant's injuries, apart from use or ownership of a vehicle." *Id.* at 103. No such allegations are in the case before us and *Centermark* is not applicable. Point denied.

The trial court's judgment is affirmed.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.