[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14883
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00222-JA-KRS

WESTPORT INSURANCE CORPORATION,

Plaintiff - Appellant,

versus

VN HOTEL GROUP, LLC,
d.b.a. Quality Suites near Universal Studios,
CHOICE HOTELS INTERNATIONAL, INC.,
VALERIE WALKER,
as Personal Representative of the Estate
of Paul Walker, deceased,

Defendants - Appellees,

V.J. CHUKKAPALLI, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2013)

ON PETITION FOR REHEARING

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

The petition for rehearing filed by Choice Hotels International, Inc. (Choice Hotels) is granted.[1]  The court withdraws the previous opinion in this case, and substitutes the following opinion:

Westport Insurance Corporation (Westport) appeals from the district court's orders granting summary judgment in favor of the insured parties — VN Hotel Group and its franchisor Choice Hotels — in this declaratory-judgment action by Westport seeking to determine whether it had a duty to defend VN Hotel Group and Choice Hotels and indemnify the wrongful-death claims against VN Hotel Group.  In this appeal, we must determine whether the pollutant or fungi/bacteria exclusions in the insurance policy applied to the bacteria that causes Legionnaires' Disease.  For the reasons that follow, we conclude that the exclusions did not

_____

[1] We accordingly deny Choice Hotels' motion for clarification as moot.

2

apply and thus the district court properly determined that Westport had both the duty to defend and to indemnify.

## I.

After staying at the Quality Suites near Universal Studios, Paul Walker, Walter Cooper, and Andrew Wheatley contracted Legionnaires' Disease. Walker died as a result, but Cooper and Wheatley survived and incurred extensive medical bills. Cooper and Wheatley filed suit against VN Hotel Group, owner of Quality Suites near Universal Studios, and Choice Hotels. Valerie Walker filed a wrongful death suit as representative of her husband's estate. Both complaints alleged that the guests contracted the disease through water in the shower or outdoor spa. Eventually, Wheatley dismissed his claim and Cooper settled, leaving only Walker's wrongful death suit.

VN Hotel Group and Choice Hotels sought to have Westport indemnify them and defend against the suit. Westport then filed a declaratory-judgment action seeking to confirm that it was not responsible for defending or indemnifying the hotel and its franchisor because the insurance policy (the Policy) excluded coverage for bodily injuries resulting from pollutants or bacteria.

Under the terms of the Policy, there was no coverage for the following:

"Bodily injury" . . . arising out of

3

> the actual, alleged or threatened discharge,
> dispersal, seepage, migration, release or escape of
> "pollutants":
>             * * *
> "Pollutants" means any solid, liquid, gaseous or
> thermal irritant or contaminant, including smoke,
> vapor, soot, fumes, acids, alkalis, chemicals and
> waste . . . .

The Policy also contained a fungi or bacteria exclusion, which excluded from coverage:

> "Bodily injury" . . . which would not
> have occurred, in whole or in part, but for the actual,
> alleged or threatened inhalation of, ingestion of,
> contact with, exposure to, existence of, or presence
> of any "fungi" or bacteria on or within a building or
> structure, including its contents, regardless of
> whether any other cause, event, material or product
> contributed concurrently or in any sequence to such
> injury or damage.

The Policy also included an exception to the fungi/bacteria exclusion: "This exclusion does not apply to any 'fungi' or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption."

The parties filed cross-motions for summary judgment, first addressing whether Westport had a duty to defend. The district court concluded that it did, finding that the Policy exclusions did not apply because Legionnaires' Disease was not a pollutant, and that, although the disease is bacterial, the legionella

4

bacteria was not found in a structure.  The court further found that, even if the bacteria exclusion applied, the facts of the case fell within the exception to that exclusion because the legionella bacteria was "on, or . . . contained in, a good or product intended for bodily consumption."

Ultimately, the parties reached a settlement in the wrongful-death case.[2] The parties then filed cross-motions for summary judgment addressing Westport's duty to indemnify.  The district court found that Westport had a duty to indemnify VN Hotel Group, reiterating its earlier findings that the legionella bacteria was not a pollutant and that the bacteria exclusion did not apply because the outdoor spa was not a "structure."[3]  This is Westport's appeal.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

---

[2] Because of this settlement, Valerie Walker's and VN Hotel Group's interests in this case are coterminous.

[3] The district court denied Choice Hotels' assertion that it was entitled to indemnification as moot, and Choice Hotels does not challenge this disposition on appeal.

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "The interpretation

of an insurance contract is also a matter of law subject to *de novo* review."

*LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997).

"Because federal jurisdiction over this matter is based on diversity, Florida

law governs the determination of the issues on this appeal."  *State Farm Fire &*

*Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).  "Florida law

provides that insurance contracts are construed in accordance with the plain

language of the policies as bargained for by the parties."  *Auto-Owners Ins. Co. v.*

*Anderson*, 756 So. 2d 29, 34 (Fla. 2000).  "The scope and extent of insurance

coverage is determined by the language and terms of the policy."  *Bethel v. Sec.*

*Nat'l Ins. Co.*, 949 So. 2d 219, 222 (Fla. Dist. Ct. App. 2006).  The burden rests on

the insurer to show that exclusions in a policy apply.  *See, e.g., U.S. Concrete Pipe*

*Co. v. Bould*, 437 So. 2d 1061, 1065 (Fla. 1983).

Where language in a policy is plain and unambiguous, there is no special

construction or interpretation required, and the contract's plain language is to be

given the meaning that it clearly expresses.  *Jefferson Ins. Co. of N.Y. v. Sea World*

*of Fla., Inc.*, 586 So. 2d 95, 97 (Fla. Dist. Ct. App. 1991).  The fact that the policy

does not provide definitions of certain terms does not automatically render the

terms ambiguous.  *Id.* (citing *Travelers Ins. Co. v. C.J. Gayfer's & Co.*, 366 So. 2d

6

1199, 1201 (Fla. Dist. Ct. App. 1979)). But "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous." *Auto-Owners*, 756 So. 2d at 34. And Florida law is clear that, where an insurance policy creates an ambiguity, it should be resolved in favor of the insured. *Steinberg*, 393 F.3d at 1230-31. If the policy does not expressly define a term, the court may look to "an alternate source such as the dictionary to give words their plain meaning." *General Fid. Ins. Co. v. Foster*, 808 F. Supp. 2d 1315, 1320 (S.D. Fla. 2011).

Finally, the Florida Supreme Court has found that the duty to defend is both distinct from and broader than the duty to indemnify. Thus, insurers are obligated to defend even if the allegations in the complaint are inconsistent with the facts or completely meritless. *See Jones v. Fla. Ins. Guar. Ass'n.*, 908 So. 2d 435, 442-43 (Fla. 2005). This duty extends to all claims, even those not within the scope of coverage. *See Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 813–14 (Fla. Dist. Ct. App.1985). If, on the other hand, the insurer had no duty to defend the insured, it necessarily follows that it had no duty to indemnify. *Fun Spree Vacations, Inc. v. Orion Ins.*, 659 So. 2d 419, 421 (Fla. Dist. Ct. App. 1995).

With these principles in mind, we turn to whether Westport had a duty to

7

defend VN Hotel Group and Choice Hotels and indemnify VN Hotel Group.

### III.

Under Florida law, an insurer's duty to defend is determined solely from the allegations in the complaint. *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9-10 (Fla. 2004). An insurer is under no duty to defend if the allegations in the complaint implicate a policy exclusion. *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35 (Fla. Dist. Ct. App. 2003). In the underlying state case, Walker alleged that her husband contracted Legionnaires' Disease after he inhaled and ingested heated water vapors from the outdoor spa and guest-room showers.[4]

The parties acknowledge that Legionnaires' Disease is caused by inhaling the legionella bacteria, which is found naturally in water. At issue is whether the legionella bacteria falls into any of the Policy exclusions. Westport argues that it had no duty to defend because legionella bacteria is excluded under either the pollutant exclusion or the fungi/bacteria exclusion, and none of the exceptions to these exclusions apply.[5] We address these issues in turn.

#### 1. The Pollutant Exclusion

---

[4] Walker later agreed that her husband contracted the disease from the outdoor spa and not the showers.

[5] Although Walker originally argued that, if the bacteria was a pollutant, her claims fell within the exception to that exclusion, she later conceded that the exception would not apply.

8

Under the terms of the Policy, "pollutant" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste . . . ."  The district court concluded that the legionella bacteria did not qualify as a pollutant because it was (1) not an irritant or contaminant, and (2) not a "solid, liquid, gaseous, or thermal" substance.

After reading the entire policy in context, the district court concluded that, if the bacteria was considered a pollutant, the fungi/bacteria exclusion would be meaningless.  We are persuaded by this logic.  Because the Policy includes a separate exclusion provision for bacteria, the legionella bacteria cannot be considered a pollutant under the terms of the Policy.  *See Auto-Owners*, 756 So. 2d at 34 ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.").  Therefore, we agree with the district court that the pollutant exclusion does not exclude from coverage injury resulting from the legionella bacteria.

### 2. Bacteria on or contained in a structure

The Policy also contained an alternate exclusion for fungi/bacteria.  Thus, even though we conclude that the legionella bacteria is not a pollutant, it may be excluded from coverage if it falls under the fungi/bacteria exclusion.  The district court found the fungi/bacteria exclusion inapplicable because the legionella

9

bacteria did not occur on or within a building or structure. Although the parties agree that Walker inhaled the bacteria at the outdoor spa, they dispute whether an outdoor spa qualifies as a structure.

The district court found that a broad definition of the term "structure" would encompass the spa, but that there was no basis to apply the broad definition. We agree. Under Florida law, exclusionary insurance provisions are "construed even more strictly against the insurer than coverage clauses." *Auto-Owners*, 756 So. 2d at 34. In this Policy, the term "building" modifies the term "structure" and shows that "structure" is to be narrowly construed. *Hartford Acc. & Indem. Co. v. Crider*, 392 F. Supp. 162, 170 (N.D. Ill. 1974).[6] Thus, we, like the district court, conclude that an outdoor spa would not qualify as a "structure" for purposes of the exclusion. Therefore, the district court properly concluded that the fungi/bacteria exclusion did not apply.

## IV.

Having concluded that Westport had a duty to defend, we turn to whether it also had a duty to indemnify VN Hotel Group. For purposes of the duty to indemnify and the accompanying summary judgment motions, the parties agreed

---

[6] Although another court recently disagreed with *Crider*, that opinion is unpublished. *See AMCO Ins. Co. v. Swagat Group, LLC.*, No. 07-3330, 2009 WL 331539 (C.D. Ill. Feb. 10, 2009) (unpublished). For the reasons given by the district court, we find *Crider* more persuasive.

that Walker came into contact with the legionella bacteria in the outdoor spa.  The district court found that Westport had a duty to indemnify under the same rationale it applied to the duty to defend.  We again agree with the district court's reasoning. The cases cited by Westport do not persuade us that the district court erred.

Accordingly, for the reasons given in the district court's well-reasoned orders dated December 9, 2010, and October 11, 2011, we conclude that Westport had both a duty to defend VN Hotel Group and Choice Hotels and a duty to indemnify VN Hotel Group.  We therefore affirm the judgments of the district court on these two issues.

V.

Choice Hotels also argues it is entitled to attorneys' fees and costs under Florida Statute § 627.428, which provides that an insured who prevails against an insurer is entitled to these costs.  Westport does not dispute this in its briefs before this court.  We accordingly remand to the district court for the limited purpose of determining the amount to which Choice Hotels is entitled.

**AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.**