[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10313

_____

D.C. Docket No. 9:11-cv-80112-KAM

AMERISURE INSURANCE COMPANY,
a foreign corporation,

Plaintiff - Appellee,

versus

ORANGE AND BLUE CONSTRUCTION, INC.,
a Florida corporation, et al.,

Defendants,

EPOCH PROPERTIES, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 4, 2013)

Before MARTIN and JORDAN, Circuit Judges, and BAYLSON,[*] District Judge.

MARTIN, Circuit Judge:

---

[*] Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Defendant-Appellant Epoch Properties, Inc. (Epoch) appeals the District Court's grant of summary judgment to Plaintiff-Appellee Amerisure Insurance Company (Amerisure) and denial of summary judgment to Epoch.  On appeal, Epoch argues that the District Court incorrectly found that Amerisure has no duty to defend or indemnify Epoch in a tort action brought by an employee of one of Epoch's subcontractors.  Because we agree with the District Court that no such duty exists, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

Epoch was hired as the general contractor on a project called Portofino at Lakes Laguna in Florida.  Epoch entered into a subcontract for part of the work with Orange & Blue Construction, Inc. (Orange & Blue).  Orange & Blue then subcontracted most of its work to CL & B Contracting, which further subcontracted its work to Sandi Construction, Inc. (Sandi).

Jose Tejeda, who was working as a laborer for Sandi, fell at the construction site and died as a result.  Shortly after his death, Mr. Tejeda's estate (the Estate) filed a wrongful death action in the 15th Judicial Circuit Court in and for Palm Beach County.  The Estate's Fourth Amended Complaint contains two claims against Epoch.  The first claim is that Epoch negligently failed to provide and maintain a reasonably safe workplace.  The second claim is fashioned as an

2

intentional tort claim, alleging that Epoch acted in a manner that was virtually certain to cause serious injury or death.

The subcontract agreement between Orange & Blue and Epoch required Orange & Blue to purchase Worker's Compensation Insurance, Employer's Liability Insurance, and Commercial General Liability Insurance, and to name Epoch as an additional insured on these policies. In compliance with this agreement, Epoch was named as an additional insured on Orange & Blue's Commercial General Liability policy with Amerisure (the CGL policy).

Under the CGL policy, Amerisure agreed to defend Epoch against any suit seeking damages arising from bodily injury or property damages "to which this insurance applies." Conversely, the CGL policy also provided that Amerisure would have no duty to defend against any suit seeking damages "to which this insurance does not apply." For example, Exclusion 2.d. of the CGL policy (the Worker's Compensation Exclusion) stated that the policy did not apply to "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Under Exclusion 2.e. of the CGL policy (the Employer's Liability Exclusion), Amerisure also had no duty to defend or indemnify for bodily injuries suffered by Epoch's employees "arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business."

After the Estate filed the County Court action against Epoch, Amerisure in turn filed a declaratory judgment action in the federal district court for the Southern District of Florida. In its complaint, Amerisure sought a declaration from the District Court that it had no duty under the CGL policy to defend or indemnify Epoch against the Estate's tort claims. Epoch filed a counterclaim seeking a declaratory judgment to the contrary, that Amerisure was, in fact, obligated to defend and indemnify Epoch. Amerisure and Epoch then filed cross-motions for summary judgment, and the District Court found that both the Workers' Compensation Exclusion and the Employer's Liability Exclusion applied to bar coverage. Epoch now appeals from this grant of summary judgment to Amerisure.

## II.    DISCUSSION

### A. JURISDICTIONAL ISSUES

During this appeal, we instructed the parties to brief two jurisdictional issues: (1) whether the District Court's judgment was a final and appealable judgment in light of the fact that it did not resolve the Estate's rights and liabilities; and (2) whether the pleadings sufficiently alleged the citizenship of the Estate in order to invoke federal diversity jurisdiction.

First, the District Court's judgment was a final and appealable judgment, even though the rights and liabilities of the Estate were never resolved by the District Court. Although Amerisure named the Estate as a defendant in its

4

complaint for declaratory relief, the rights and liabilities of the Estate were never at stake in this case. Indeed, the Estate described itself in its Motion to Set Aside Clerk's Default as "a nominal defendant" and "not a substantive player." As a result, the District Court's grant of summary judgment to Amerisure and denial of summary judgment to Epoch was a final appealable judgment under 28 U.S.C. § 1291. See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867, 114 S. Ct. 1992, 1995 (1994) (defining a final decision as one which "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment" (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945))).

In the same way, the Estate was merely a "nominal party" for purposes of diversity jurisdiction. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenships of real parties to the controversy."); Broyles v. Bayless, 878 F.2d 1400, 1403 (11th Cir. 1989) (stating that for purposes of diversity jurisdiction, "a real party in interest is a party that has a real and substantial stake in the litigation and who exercises substantial control over the litigation"). Because the Estate had no real stake or control over this litigation, the parties did not need to plead the Estate's citizenship to satisfy the requirements of this Court's diversity jurisdiction.

5

## B.  EMPLOYER'S LIABILITY EXCLUSION

We review <u>de novo</u> the District Court's grant of summary judgment.  <u>Skop</u>

<u>v. City of Atlanta</u>, 485 F.3d 1130, 1136 (11th Cir. 2007).  Summary judgment is

appropriate only when "there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In

making this determination, we view the evidence and all factual inferences in the

light most favorable to the non-moving party.  <u>Skop</u>, 485 F.3d at 1136.

The District Court correctly found that Amerisure had no obligation to

defend or indemnify Epoch because the Employer's Liability Exclusion clearly

barred coverage in this case.  Because this determination resolves the dispute, we

do not address whether the Worker's Compensation Exclusion also applies.

Under the Employer's Liability Exclusion, Amerisure had no duty to defend

or indemnify Epoch for injuries suffered by Epoch's employees "arising out of and

in the course of: (a) Employment by the insured; or (b) Performing duties related to

the conduct of the insured's business."  There is no dispute that Mr. Tejeda was

injured while working as a laborer for Sandi at Epoch's construction site.  Thus, if

Mr. Tejeda can be considered one of Epoch's employees under the insurance

policy, Amerisure had no duty to defend Epoch against the Estate.

6

Epoch argues that Mr. Tejeda cannot be considered one of Epoch's employees because he was working for Sandi, Epoch's third-tier sub-contractor. This argument fails under Florida law.  Although Mr. Tejeda may not have been one of Epoch's employees in the traditional sense, Mr. Tejeda was a "statutory employee" of Epoch for purposes of workers' compensation law.  See Fla. Ins. Guar. Ass'n, Inc. v. Revoredo, 698 So. 2d 890, 890 (Fla. 3d. DCA 1997) (holding that an employee of a subcontractor is a "statutory employee" of the general contractor); Yero v. Miami Dade Cty., 838 So. 2d 686, 687 (Fla. 3d. DCA 2003) (same).  Beyond that, Florida courts have consistently held that the term "employee" in insurance policies also includes statutory employees.  See, e.g., Revoredo, 698 So. 2d at 892 ("Statutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses."); Dodge v. Fidelity & Cas. Co. of N.Y., 424 So. 2d 39, 40 (Fla. 5th DCA 1982) ("[T]he term employee in the policy should be construed to include 'statutory employees,' as that term is used in the workers' compensation law.").  Because Mr. Tejeda was one of Epoch's statutory employees and was injured during the course of his employment, Amerisure had no duty to defend or indemnify Epoch against his Estate.

Our interpretation of the CGL policy is consistent with the purpose of commercial general liability policies like this one.  Unlike worker's compensation

insurance or employer's liability insurance, which exist to provide employers with coverage for injuries that occur to employees during the scope of employment, the sole purpose of commercial general liability insurance is to provide coverage for injuries that occur to the public-at-large.  As the Florida Third District Court of Appeal stated in <u>Revoredo</u>, "[t]he logic in the exclusion from coverage . . . is simple and compelling: the only coverage intended, and for which the premium has been paid, is the liability of the insured to the public, as distinguished from liability to the insured's employees."  698 So. 2d at 892.  Because the terms of the CGL policy did not cover injuries to Epoch's employees or the employees of Epoch's subcontractors like Mr. Tejeda, Amerisure has no duty to indemnify or defend Epoch in this case.

Epoch also points to language in the CGL policy stating that the Employer's Liability Exclusion does not apply to liability assumed by Epoch under an "insured contract."  The CGL policy defines an "insured contract" as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party."  Epoch argues that the subcontract agreement between Epoch and Orange & Blue is an insured contract because Orange & Blue agreed to maintain safety at the construction site, and thus the Estate's claims should be considered liabilities under an "insured contract."

8

Epoch's argument that the "insured contract" exception applies here ultimately misses the mark because it cannot apply under the unambiguous terms of the policy. The "insured contract" exception applies only to contracts in which Epoch assumed the tort liability of another party. In the Estate's suit against Epoch, however, the Estate is not alleging that Epoch assumed the tort liability of any other party as the result of an "insured contract." Instead, the Estate's tort claims flow directly from Epoch's own alleged acts and omissions. As a result, the "insured contract" exception of the CGL policy does not apply.[1]

## III.    CONCLUSION

For the reasons stated above, we affirm the District Court's grant of summary judgment to Amerisure and denial of summary judgment to Epoch.[2]

**AFFIRMED.**

---

[1] In its appeal, Epoch also argues for the first time that Mr. Tejeda could have been a "temporary worker" under the CGL policy. We have long held that an issue not raised in the District Court and raised for the first time on appeal will not be considered by this Court. See Terrell v. USAir, 132 F.3d 621, 628 n.9 (11th Cir. 1998); Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991).

[2] Epoch also moved to stay this decision pending the outcome of the underlying state court action. Although it was not mentioned at oral argument, this argument was raised in Epoch's brief. We conclude that the District Court's denial of the stay was within its discretion. See CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned.").