[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10562
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01492-GAP-DAB

WESCO INSURANCE COMPANY,
a foreign corporation,

Plaintiff-Appellee,

versus

DON BELL, INC., a Florida corporation,
d.b.a. DBI Demolition, et al.,

Defendants,

JAMES ANTHONY CASTO,
individually and on behalf of AC, a minor, and RC, a minor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 30, 2014)

Before MARTIN, ROSENBAUM, and HILL, Circuit Judges.

PER CURIAM:

James Anthony Casto sued Don Bell, Inc. for damages resulting from injuries he incurred in a motor vehicle accident while driving Don Bell, Inc.'s dump truck.  Don Bell, Inc. sought a defense and indemnity from its insurer, Wesco Insurance Company, which brought this action seeking a declaration that Casto's injury is covered by Florida's workers' compensation statute and thus excluded from its policy's coverage.  The district court granted summary judgment to Wesco Insurance Company, holding that Casto was an employee and, therefore, covered by the workers' compensation statute and subject to the policy's exclusion.  We agree.

I.

Wesco Insurance Company ("Wesco") issued an insurance policy to Don Bell, Inc. ("DBI") that excludes from coverage "any obligation for which the insured or insured's insurer may be held liable under any workers' compensation . . . law."  Casto contends that the exclusion is inapplicable because he was a volunteer and, therefore, not covered by Florida's workers' compensation statute. He argues that the district court erred in finding that he was an employee because he produced sufficient record evidence to create a genuine issue of material fact as to whether he was a volunteer or an employee.  Casto also contends that the record

2

evidence was sufficient to create a genuine issue of material fact as to whether he was a temporary worker and, as such, not subject to the policy exclusion. Neither of these arguments has merit.

1.    Voluntary Worker

Under Fla. Stat. § 440.02(15) (a), an employee is any person who receives remuneration from an employer for the performance of any work or service. A worker who "does not receive monetary remuneration for services is presumed to be a volunteer unless there is substantial evidence that valuable consideration was intended by both the employer and employee." Fla. Stat. § 440.02 (15)(d)(6). When determining whether a worker is a volunteer or an employee, it is the intent to remunerate that creates the relationship. Fla. Stat. § 440.02 (15)(d)(6).

The district court held that in this case there was substantial evidence that valuable consideration was intended. Although Casto and Wid Bell, the principal of DBI, were friends and had in the past exchanged gratuitous services, Casto testified in his deposition that he expected to be compensated for driving the dump truck on the day in question. He expected a reduction in the debt that he believed he owed to Wid Bell, the principal and sole owner of DBI. Bell and the foreman who hired Casto and directed his work both testified that DBI intended to remunerate Casto for his services. Bell testified that he would have paid Casto for his services if Casto wished to be paid. There was no evidence in the record to the

3

contrary. Therefore, the district court concluded that there was no genuine issue of fact as to whether Casto was an employee and subject to Florida workers' compensation statute at the time of his injury.

This was not error. No witness testified that Casto was a volunteer or had agreed to work for free. Casto himself testified that he expected to be paid. DBI's representatives testified that they intended that he be paid. Therefore, the substantial evidence was that Casto was an employee, not a volunteer. As an employee, Casto was covered by Florida's workers' compensation law and "any obligation" arising under that law is expressly excluded from Wesco's policy coverage. Therefore, the district court correctly concluded that Wesco's coverage exclusion applies to Casto.

2.    Temporary Worker

Casto next argues that the district court erred in not finding that Wesco's policy itself did not define him as an employee. He points out that, under the policy, he was a temporary worker and the policy expressly excludes temporary workers from its definition of employee. Accordingly, Casto argues, he was not an employee and was not subject to the policy's workers' compensation exclusion.

This argument is irrelevant to the issue of whether Casto was an employee for the purposes of Florida's workers' compensation statute. That status is not affected by the policy's definition of "employee" in any way. Whether Casto was

4

an employee – temporary or permanent – is defined by Florida law for purposes of workers' compensation.  As we have seen, he was an employee under that statute. Therefore, any obligation DBI may incur under the workers' compensation statute is expressly excluded from Wesco's policy coverage.  The district court correctly concluded that the policy's definition of employee is irrelevant to the policy's workers' compensation exclusion.

## II.

For the foregoing reasons, the judgment of the district court is due to be AFFIRMED.