KATHLEEN M. WILLIAMS, UNITED STATES DISTRICT JUDGE
*1276 THIS MATTER is before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation (DE 43) (the "Report") regarding Plaintiff's motion for summary judgment (DE 24). The Report recommends that Plaintiff's motion be granted. Defendants filed objections to the Report. (DE 44; DE 45). The Court has independently reviewed the Report, Defendants' objections, the record, and applicable case law.
Accordingly, it is ORDERED AND ADJUDGED that the Report is AFFIRMED and the analysis contained in the Report is ADOPTED and incorporated herein by reference. Plaintiff's motion for summary judgment (DE 24) is GRANTED for the reasons set forth in the Report.
Having granted Plaintiff's motion for summary judgment, it is ORDERED AND ADJUDGED that this case is DISMISSED. All pending motions are DENIED AS MOOT. All hearings, trial settings, and deadlines are CANCELED. The Clerk is directed to CLOSE this case.
DONE AND ORDERED in chambers in Miami, Florida, this 25th day of October, 2018.
REPORT AND RECOMMENDATION TO DISTRICT JUDGE
ALICIA O. VALLE, UNITED STATES MAGISTRATE JUDGE
THIS MATTER is before the Court upon Plaintiff Endurance American Specialty Insurance Company's ("Plaintiff") Motion for Summary Judgment (the "Motion"). (ECF No. 24). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 36); see also 28 U.S.C. § 636. The Court has reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons set forth below, the undersigned recommends that the Motion be GRANTED .
I. BACKGROUND
A. Summary
This is a declaratory judgment action stemming from an insurance coverage dispute. See (ECF No. 1). Plaintiff seeks interpretation of an insurance policy that it issued to Defendant United Construction Engineering, Inc. ("UCE").[1] Id. More specifically, Plaintiff seeks a judgment declaring that it has no duty to defend or indemnify UCE in a personal injury lawsuit filed against it in state court by Defendant Carlos Marroquin Lopez ("Lopez"). Id. Plaintiff now moves for summary judgment, arguing that Lopez's state-court lawsuit is barred by the Policy's Workers' Compensation and Employer's Liability exclusions. (ECF No. 24). Defendants have responded to the Motion, and it is ripe for adjudication. See (ECF Nos. 30 and 33-40).
B. Relevant Undisputed Facts
AC1 Supply executed a contract with UCE whereby UCE agreed to perform roof repairs at a warehouse in Miami, Florida. (ECF Nos. 25 ¶ 2; 30 ¶ 2; 35 ¶ 2); see also (ECF No. 30-3 at 2-3). UCE subcontracted with Enzo Enrique Moreno Castellanos ("Subcontractor") to perform the roof repairs.[2] (ECF No. 25 ¶ 3; 35 ¶ 3).
*1277 Thereafter, Subcontractor hired Lopez as a roofer to perform the work at the warehouse. (ECF No. 25 ¶ 4; 30 ¶ 4; 35 ¶ 4). Lopez estimated that the roof work would take at least one week to complete, and Subcontractor agreed to pay Lopez $120 per day for his work. (ECF Nos. 25 ¶ 5; 30 ¶ 5; 35 ¶ 5). Lopez began working on December 20, 2016. (ECF Nos. 25 ¶ 6; 30 ¶ 6; 35 ¶ 6). The next day, Lopez was injured when he slipped and fell into a pool of hot tar while working at the warehouse. Id. Neither UCE nor Subcontractor carried workers' compensation insurance for its employees at the time of the accident. (ECF Nos. 25 ¶ 8; 30 ¶ 8; 35 ¶ 8).
II. LEGAL STANDARDS
A. Summary Judgment
A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant shoulders the initial burden of demonstrating the absence of a genuine issue of material fact. See Shiver v. Chertoff , 549 F.3d 1342, 1343 (11th Cir. 2008). Once the movant satisfies this burden, "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc. , 929 F.2d 604, 608 (11th Cir. 1991).
" Rule 56 requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Mid-Continent Cas. Co. v. Arpin & Sons, LLC , 261 F.Supp.3d 1245, 1249-50 (S.D. Fla. 2017) (internal quotation marks omitted) (citing Celotex Corp. v. Catrett , 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ). "Thus, the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial.' " Id. at 1250 (citing Anderson , 477 U.S. at 248, 106 S.Ct. 2505 ).
The Court must consider all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. Stanley Indus., Inc. v. W.M. Barr & Co. , 784 F.Supp. 1570, 1572 (S.D. Fla. 1992) (citing Adickes v. S.H. Kress & Co. , 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ). The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. Beal v. Paramount Pictures Corp. , 20 F.3d 454, 458-59 (11th Cir. 1994). If a genuine issue of fact exists for trial, summary judgment should not be granted. See Fed. R. Civ. Pro. 56(a).
B. Duty to Defend
Under Florida law, an insurance provider's duty to defend an insured "depends solely on the facts and legal theories alleged *1278 in the pleadings and claims against the insured." Stephens v. Mid-Continent Cas. Co. , 749 F.3d 1318, 1323 (11th Cir. 2014) (citations omitted). The duty to defend arises when the relevant pleadings allege facts that "fairly and potentially bring the suit within policy coverage." Lawyers Title Ins. Corp. v. JDC (America) Corp. , 52 F.3d 1575, 1580 (11th Cir. 1995) (citations omitted). The actual facts of the case are not determinative. Id. (citing Baron Oil Co. v. Nationwide Mut. Fire Ins. Co. , 470 So.2d 810 (Fla. 1st DCA 1985) ). However, "if the pleadings show that there is no coverage or that a policy exclusion applies to bar coverage, the insurer has no duty to defend." Arpin & Sons, LLC , 261 F.Supp.3d at 1252 (citation omitted). Furthermore, the duty to defend is not indefinite and "ceases when it is shown that there is no potential for coverage, i.e., when there is no duty to indemnify." Scottsdale Ins. Co. v. GFM Operations, Inc. , 789 F.Supp.2d 1278, 1284 (S.D. Fla. 2011) (citations omitted).
C. Duty to Indemnify
Unlike the duty to defend, the duty to indemnify "is narrower and is determined by the underlying facts adduced at trial or developed through discovery during litigation." Stephens , 749 F.3d at 1324 (quoting U.S. Fire Ins. Co. v. Hayden Bonded Storage Co. , 930 So.2d 686, 691 (Fla. 4th DCA 2006) ); see also Victoria Select Ins. Co. v. Vrchota Corp. , 805 F.Supp.2d 1337, 1343 (S.D. Fla. 2011) ("Typically, evidence extrinsic to the pleadings is needed to evaluate the duty to indemnify."). In order for the duty to indemnify to arise, the insurance policy must cover the alleged incident. Stephens , 749 F.3d at 1324. An insurer alleging non-coverage based on an exclusion bears the burden of establishing that the exclusion applies. Underwriters at Lloyds London v. STD Enterprises, Inc. , 395 F.Supp.2d 1142, 1147 (M.D. Fla. 2005) (citing LaFarge v. Travelers Indem. Co. , 118 F.3d 1511, 1516 (11th Cir.1997) ).
III. DISCUSSION
A. The Workers' Compensation Exclusion Precludes Coverage of Lopez's Lawsuit
Plaintiff argues that the Workers' Compensation Exclusion bars coverage of Lopez's lawsuit because the Policy specifically excludes "[a]ny obligation of the insured under a workers' compensation ... law." (ECF No. 24). In response, UCE argues that coverage exists because Lopez is a "temporary worker" and that the Policy is ambiguous regarding an exclusion for "statutory employees." (ECF No. 34). Similarly, Lopez argues that coverage exists because he is a "temporary worker" under the Policy and a "casual worker" under the Workers' Compensation Law.[3] (ECF No. 33). The Court finds Defendants' arguments unpersuasive.
In Florida, workers' compensation is the exclusive remedy available to an injured employee for the negligence of his employer if the employer has not engaged in any act intended to result in injury or death.[4]
*1279 Eller v. Shova , 630 So.2d 537, 539 (Fla. 1993) ; see also Indian Harbor Ins. Co. v. Williams , 998 So.2d 677, 679 (Fla. 4th DCA 2009). Under Florida's Workers' Compensation Law, an "employee" is any person who receives remuneration from an employer for the performance of any work or service. See Fla. Stat. § 440.02(15)(a) (2018) (defining "statutory employee" under the Workers' Compensation Law). A contractor who sublets work to a subcontractor becomes liable for the payment of compensation to the subcontractor's employees if the subcontractor fails to secure worker's compensation insurance. Fla. Ins. Guar. Ass'n, Inc. v. Revoredo , 698 So.2d 890, 890-92 (Fla. 3d DCA 1997) (citing Fla. Stat. § 440.10(1)(b) ). In that scenario, the contractor becomes the statutory employer of the subcontractor's employees. Id. at 892 (citation omitted) (holding that a subcontractor's employees are employees of a contractor and are protected by the Workers' Compensation Law). Notably, the statutory relationship is not contingent upon the employer securing workers' compensation insurance, and an employer's failure to do so does not destroy the statutory employer-employee relationship. Id. at 892. Further, "[s]tatutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses." Id. at 891 (citations omitted).
Here, the Court finds instructive Wesco Ins. Co. v. Don Bell, Inc. , 2014 WL 272687 (M.D. Fla. Jan. 23, 2014), aff'd , 574 F. App'x 872 (11th Cir. 2014). In Wesco , a dump-truck driver was injured in an automobile accident while performing work for the owner of the truck. Id. at *1. The driver filed suit for his injuries against the truck owner. Id. The truck owner demanded its insurance carrier defend and indemnify it under its insurance policy. Id. The policy excluded from coverage "any obligation for which the insured or insured's insurer may be held liable under any workers' compensation ... law." Id. Based on this exclusion, the insurance carrier sought a declaratory judgment that coverage of the driver's underlying lawsuit was precluded by the policy's workers' compensation exclusion. Id. In defending the declaratory judgment action, the driver argued that he was a "temporary worker" and was therefore covered under the policy.[5] Id. at *2-3. The district court disagreed, finding that the driver was the truck owner's "statutory employee" under the Workers' Compensation Law and, thus, coverage of his suit was barred by the workers' compensation exclusion. Id. at *3. In its analysis, the district court specifically noted, "[T]he [p]olicy's definition of 'employee' is not relevant in this case." Id. (emphasis added).
In affirming the district court's decision, the Eleventh Circuit addressed the driver's argument that he was a "temporary worker" under the policy, stating:
This argument is irrelevant to the issue of whether [the driver] was an employee for the purposes of Florida's workers' compensation statute. That status is not affected by the policy's definition of "employee" in any way. Whether [the driver] was an employee-temporary or permanent- is defined by Florida law for purposes of workers' compensation. As *1280 we have seen, he was an employee under that statute.
Wesco , 574 F. App'x at 874.
Here, as in Wesco , UCE's Policy excluded "[a]ny obligation of the insured under a workers' compensation ... law." (ECF No. 1-2 at 14). Thus, because Lopez was a statutory employee of UCE and was injured while performing the work Subcontractor hired him to perform, the Workers' Compensation Exclusion bars coverage of his lawsuit.
Lopez's own testimony establishes that he was an employee under the Workers' Compensation Law. Specifically, Lopez testified that: (i) Subcontractor hired him to perform roofing work; (ii) Subcontractor agreed to pay him for his work; and (iii) he was injured while performing the work Subcontractor hired him to perform. (ECF No. 23-3 ("Lopez Depo.") at 29:14-31:24, 33:8-34:12, 48:15-51:1, 51:13-52:17, 92:10-16); see also Wesco , 2014 WL 272687, at *2 (noting that it is the intent to remunerate that creates the statutory relationship). These facts are undisputed by the parties. See supra Section I.B. Accordingly, Lopez was Subcontractor's "statutory employee," and when Subcontractor failed to carry workers' compensation insurance, Lopez became UCE's "statutory employee." See Fla. Stat. § 440.10(1)(b) ; Revoredo , 698 So.2d at 890-92 ; Motchkavitz v. L.C. Boggs Indus., Inc. , 407 So.2d 910, 912 (Fla. 1981), receded from on other grounds by Emp'rs Ins. of Wausau v. Abernathy , 442 So.2d 953 (Fla. 1983). As the Eleventh Circuit stated in Wesco , UCE and Lopez's argument that Lopez was a "temporary employee" under the policy is "irrelevant to the issue of whether [Lopez] was an employee for the purposes of Florida's workers' compensation statute" because Lopez's status as an employee is defined by Florida Law. See Wesco , 574 F. App'x at 874.
The Court also finds unpersuasive Defendants' arguments that Lopez was a "casual worker" under the Workers' Compensation Law. Under the Workers' Compensation Law, "[a] person whose employment is both casual and not in the course of the trade, business, profession, or occupation of the employer" is not an "employee." Fla. Stat. § 440.02(15)(d)(5). "Casual" is defined as employment anticipated to be completed in 10 working days or less and at a total labor cost of less than $500. Fla. Stat. § 440.02(5) (emphasis added). Here, the undisputed record evidence establishes that Lopez's employment was not "casual" because the cost of Lopez's labor was anticipated to be a minimum of $840. (Lopez Depo. 48:15-52:17). Further, UCE, Lopez's statutory employer, was a certified roofing contractor. (Pereira Depo. 5:20-6:4, 10:14-21). Thus, Lopez's work was within the "course of the trade, business, profession, or occupation of [UCE]," and was, therefore, not "casual." See id. ; see also Fla. Stat. § 440.02(15)(d)(5).
B. The Roofing Operations Endorsement Does Not Cover Lopez's Lawsuit
Defendants also argue that the Roofing Operations Endorsement covers Lopez's lawsuit. (ECF Nos. 33 at 2-5 and 34 at 6-8). The Court disagrees. The Roofing Operations Endorsement explicitly states that it only modifies coverage. (ECF No. 1-2 at 52-53). Unlike other endorsements in the Policy, however, the Roofing Operations Endorsement does not indicate any modifications to a Policy exclusion. See id. For example, the Total Pollution Exclusion Endorsement and the Silica or Silica-Related Dust Exclusion Endorsement both specify that they modify a particular exclusion and provide replacement language for the exclusion being modified. Id. at 54-55. Conversely, the Roofing Operations Endorsement contains no language to modify the Workers' Compensation or Employer's Liability exclusions to provide coverage for *1281 Lopez's claim. Excelsior Ins. Co. v. Pomona Park Bar & Package Store , 369 So.2d 938, 942 (Fla. 1979) (citations omitted) (stating that courts must not to rewrite insurance contracts or add meaning that is not present); see also The Doctors Co. v. Health Mgmt. Assocs., Inc. , 943 So.2d 807, 809 (Fla. 2d DCA 2006) ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." (quoting Auto-Owners Ins. Co. v. Anderson , 756 So.2d 29, 34 (Fla. 2000) ) ).[6]
C. The Employer's Liability Exclusion Precludes Coverage of Lopez's Lawsuit
Plaintiff also argues that the Employer's Liability Exclusion precludes coverage of Lopez's lawsuit. Plaintiff concedes that "Lopez likely does not qualify as an 'employee' as defined in the Policy," but argues that Lopez is nonetheless a "statutory employee," which Florida law treats identically to actual employees in employee exclusion clauses. (ECF Nos. 24 at 8-11; 39 at 1-5; and 40 at 4-7). Lopez and UCE reiterate their previous arguments that Lopez was a "temporary employee" or a "casual" worker, and that Lopez's lawsuit is covered by the Roofing Operations Endorsement. (ECF Nos. 33 and 34). The Court again disagrees.
As discussed above, Florida courts have treated "statutory employees ... identically to actual employees in relation to standard employee exclusion clauses." Revoredo , 698 So.2d at 891. For example, in Revoredo , Florida's Third District Court of Appeal held that an employer's liability exclusion excluded a wrongful death claim from coverage because the decedent was a "statutory employee." Id. at 891-93. In doing so, the court reasoned:
The logic in the exclusion from coverage of both types of employees [ (statutory employees and actual employees) ] is simple and compelling: the only coverage intended, and for which the premium has been paid, is the liability of the insured to the public as distinguished from liability to the insured's employees whether or not they are protected by the workers' compensation law.
Id. at 892.
Federal courts in this jurisdiction applying Florida law have consistently applied the statutory definition of an "employee" when determining whether an employer's liability exclusion bars coverage of an employee's claim. Stephens , 749 F.3d at 1322-23 (holding that the "district court correctly concluded that Florida's law requires that the employee exclusion clause in ... [an] insurance policy be construed as applying both to actual and statutory employees"); Amerisure Ins. Co v. Orange & Blue Constr., Inc. , 545 F. App'x 851, 854-55 (11th Cir. 2013) (holding that employer's liability exclusion barred coverage of statutory employee's tort action against general contractor); Arpin & Sons, LLC , 261 F.Supp.3d at 1251 ("Thus, Florida law *1282 requires [the court to] construe the [p]olicy's workers' compensation exclusion and employer's liability exclusion as applying to [the contractor's] actual and statutory employees.").
Here, the Employer's Liability Exclusion precludes coverage of "bodily injury" to "[a]n 'employee' of the insured arising out of and in the course of: (a) [e]mployment by the insured; or (b) [p]erforming duties related to the conduct of the insured's business ...." (ECF No. 1-1 at 14). As discussed supra , the record evidence establishes that Lopez was UCE's "statutory employee" and that Lopez was injured in the course and scope of his employment. See supra Section III.A. at 7-8. Accordingly, the undersigned finds that the Employer's Liability Exclusion bars coverage of Lopez's claim.
IV. CONCLUSION
Based on the foregoing, the undersigned finds that Plaintiff has no duty to indemnify UCE because the Workers' Compensation and Employer's Liability exclusions bar coverage of Lopez's lawsuit. Consequently, because Plaintiff has no duty to indemnify UCE, Plaintiff also has no duty to defend UCE. GFM Operations, Inc. , 789 F.Supp.2d at 1284 (S.D. Fla. 2011) ("[T]he duty to defend ceases when it is shown that there is no potential for coverage, i.e., when there is no duty to indemnify." (quoting STD Enterprises, Inc. , 395 F.Supp.2d at 1146 ) ); see also Nationwide Mut. Fire Ins. Co. v. Keen , 658 So.2d 1101, 1102-03 (Fla. 4th DCA 1995) (holding an insurer must defend a claim until it is certain that it is not covered).
V. RECOMMENDATION
Accordingly, the undersigned respectfully recommends that Plaintiff Endurance American Specialty Insurance Company's Motion for Summary Judgment be GRANTED .
The parties have 14 days from the date of this Report and Recommendation within which to serve and file written objections, if any, with United States District Judge Kathleen Williams. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1) ; see also Thomas v. Arn , 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).
DONE AND ORDERED in Chambers, at Fort Lauderdale, Florida, on this 26th day of September, 2018.

Plaintiff issued a General Liability policy to UCE effective from February 15, 2016 to February 15, 2017 (the "Policy"). See (ECF No. 1-2).

In his response to Plaintiff's Statement of Unopposed Facts, Lopez claims that "there is no evidence" that UCE entered into a subcontract with Subcontractor or that Subcontractor was a "bona fide licensed and insured" subcontractor. (ECF No. 30 ¶ 3). However, whether or not Subcontractor was licensed and insured has no bearing on whether UCE and Subcontractor entered into a subcontract. The record establishes that UCE entered into a subcontract with Subcontractor, and Subcontractor in turn hired Lopez to perform the labor. See (ECF Nos. 1-1 ¶ 7, at 2; 23-1 ("Pereira Depo.") at 23:5-25:1, 42:5-45:6; 41-5 ¶¶ 9-10, at 3). Accordingly, because Lopez fails to support his denial with a citation to record evidence, the existence of a contract between UCE and Subcontractor is deemed admitted by Lopez. See Fed. R. Civ. Pro. 56 ; S.D. Fla. L.R. 56.1(a)(2); see also Mid-Continent Cas. Co. v. Arpin & Sons, LLC , 261 F.Supp.3d 1245, 1249-50 (S.D. Fla. 2017) (stating non-moving party may not rest upon mere denials but must rely on record evidence to designate specific facts showing a genuine issue for trial).

Lopez also asserts that he is business invitee, but does not develop this argument. (ECF No. 3 at 7). Accordingly, the undersigned does not address this argument here. See N.L.R.B. v. McClain of Georgia, Inc. , 138 F.3d 1418, 1422 (11th Cir. 1998) (citation omitted) (arguments made in a perfunctory manner are generally deemed waived).

The Court's jurisdiction is based on diversity. See (ECF No. 1-3). "In diversity actions, the federal court must apply the substantive law of the state in which it sits, 'except in matters governed by the Federal Constitution or by act of Congress.' " Trailer Bridge, Inc. v. Illinois Nat. Ins. Co. , 657 F.3d 1135, 1141 (11th Cir. 2011) (citing Erie R.R. Co. v. Tompkins , 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, Florida law applies to this case.

In Wesco , the policy's definition of "employee" included a "leased worker" but not a "temporary worker." Wesco , 2014 WL 272687, at *2 n.2. The policy defined a "temporary worker" as a "person who is furnished to [the insured] to substitute for a permanent 'employee' on leave or to meet season or short-term workload conditions." Id. at *2 n.3. These definitions are identical to the definitions in the instant Policy. See (ECF No. 1-2 at 25, 27).

Lopez also argues that Plaintiff's Corporate Representative, Ted Kuhn, testified that the Roofing Operations Endorsement does not include the Workers' Compensation Exclusion and provides coverage for an "occurrence." (ECF No. 33 at 3-5). However, as Lopez concedes, Mr. Kuhn testified that the Roofing Operations Endorsement only provides coverage for "property damage." Id. at 3; see also (ECF No. 30-6 ("Kuhn Depo.") at 70:6-11). Moreover, as Plaintiff points out, construction of an insurance policy is a question for the Court. Jones v. Utica Mut. Ins. Co. , 463 So.2d 1153, 1157 (Fla. 1985) ("It is well settled that the construction of an insurance policy is a question of law for the court." (citing Zautner v. Liberty Mut. Ins. Co. , 382 So.2d 106, 107 (Fla. 3d DCA 1980) ) ); see also Montgomery v. Aetna Cas. & Sur. Co. , 898 F.2d 1537, 1540 (11th Cir. 1990) (citations omitted). Accordingly, Mr. Kuhn's interpretation of the Policy is not relevant to this Court's interpretation.